MARTIN R. PETERSON ET AL. *v.* IRVING SYPHER

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued January 7—decided January 19, 1972

*Frank DeNezzo,* with whom was *Paul B. Groobert,* for the appellant (defendant).

*Herbert A. Lane,* with whom, on the brief, was *Jerome A. Rosen* and *Daniel K. Lamont,* for the appellees (plaintiffs).

Per Curiam. On February 23, 1964, the plaintiff Gustave R. Peterson, while operating his automobile, was involved in a collision with a vehicle owned and operated by the defendant. The plaintiff Martin R. Peterson is a minor son of Gustave and was a passenger in the Peterson vehicle at the time of the accident. The plaintiffs instituted an action in the Superior Court, alleging that the defendant had operated his vehicle in a negligent manner, thereby causing the accident. The action was tried to a jury which awarded damages in the amount of $50,000 to Gustave and $7500 to his son Martin. The defendant's motion to set aside the verdicts as being excessive was denied by the court.[1] The court, however, held that the verdict in favor of Gustave was not justified and ordered a remittitur of $12,000, which the plaintiff filed. From the judgment in the amount of $38,000 rendered in favor of Gustave R. Peterson, the defendant has appealed. The sole issue before this court is whether the reduced verdict of $38,000 is excessive.

We have held that the ruling of a trial court on a motion to set aside a verdict as being excessive is entitled to great weight; *Gorham* v. *Farmington Motor Inn, Inc.,* 159 Conn. 576, 585, 271 A.2d 94; *Vogel* v. *Sylvester,* 148 Conn. 666, 669, 174 A.2d 122; and we find that the following excerpts from the memorandum of decision are particularly relevant: "The . . . issue is whether the award to Gustave Peterson was excessive. At the time of the accident, Gustave Peterson was 37 years old and in good health. He was a heavy equipment mechanic operating his own garage. He had been self-employed for over a year and had been a mechanic since he was

---

[1] The motion as it applied to the plaintiff Martin R. Peterson was abandoned.

sixteen years old. The injuries he sustained included a severe laceration of the forehead, a contusion of the right abdomen and kidney, fractures of the 8th, 9th, 11th and 12th ribs, an injury to the thoracic nerve, thrombophlebitis in his right leg, injury to his right shoulder resulting in atrophy of the right shoulder area, as well as other serious complications. He was initially hospitalized for a period of thirteen days and was in the intensive care unit for a week with a fever. Breathing was difficult and he was in constant pain. After discharge from the hospital, his right calf began to swell and he had to return to the hospital for an operation to correct this condition. This hospital stay lasted for five days. Gustave Peterson was unable to work on a full-time basis for about twenty weeks. The effect of most of the injuries cleared in about a year, but the injury to the kidney did not resolve itself until more than three years after the accident. He sustained a 10 to 15 percent permanent partial disability of his right shoulder, and is now limited in his ability to do any lifting or work around his home. Now, he has very little use of his right arm and shoulder. Although he has secured a job in a garage, he had to give up his business and seek work in a supervisory capacity. He now must commute to Hartford from Lebanon to earn his livelihood. He is married and responsible for the support of his wife and five minor children, with a life expectancy of about 30 years. The verdict for Gustave Peterson includes hospital and medical expenses for himself in the amount of $1,353.70, hospital and medical expenses for his minor son in the amount of $859.25, actual time lost at $175.00 per week amounting to $2,415.00, and property damage in the amount of $275.00, totaling $4,902.95."

In reducing the verdict by $12,000, the court "went

as far as it believed it reasonably could without trespassing upon the prerogatives of the jury. Its action is entitled to full support unless it abused its discretion. . . . In the ordering of a remittitur, a fair appraisal of compensatory damages, and not the limit of legitimate generosity, is the rule. . . . The verdict as reduced falls within the necessarily flexible limits of fair and reasonable compensation, and this court should not interfere with it." *Allen* v. *Giuliano*, 144 Conn. 573, 578, 579, 135 A.2d 904.

There is no error.