JAMES L. ARMSTRONG *v.* EVELYN A. GARNEAU

HOUSE, C. J., COTTER, SHAPIRO, LOISELLE and MACDONALD, JS.

Argued June 8—decided June 13, 1972

*J. Brooks Johnson, Jr.,* for the appellant (defend-
ant).

*William F. Gallagher,* with whom were *Bernard Poliner* and, on the brief, *Cyril Cole,* for the appellee (plaintiff).

PER CURIAM. This case arose out of an automobile accident. A trial to a jury resulted in a verdict for the plaintiff in the amount of $9000. On appeal, the defendant has pressed two assignments of error: (1) that the court erred in denying her motion to set aside the verdict as excessive, and (2) that the court erred in denying the motion of the defendant that the amount sought in the ad damnum clause, $30,000, be kept from the knowledge of the jury.

We have had frequent occasion to discuss the factors which must govern our consideration of claims that a trial court should have set aside a verdict as excessive. See *Peterson* v. *Sypher,* 162 Conn. 616, 295 A.2d 560; *Gorham* v. *Farmington Motor Inn, Inc.,* 159 Conn. 576, 583, 271 A.2d 94. "[D]enial by the trial court of a motion to set aside a verdict claimed to be excessive is entitled to weighty consideration. . . . The issue . . . is not whether this court would have awarded more or less. It is whether the total amount of the verdict falls within the necessarily flexible limits of fair and reasonable compensation or is so large as to offend the sense of justice and compel a conclusion that the jury were influenced by partiality, prejudice or mistake." *Gorczyca* v. *New York, N.H. & H.R. Co.,* 141 Conn. 701, 703, 109 A.2d 589. Testing the court's action in refusing to set aside the verdict by the narrative of the evidence contained in the appendices to the briefs, we find no error in the ruling of the trial court.

Cases indicating a wide divergence of opinion with respect to disclosure to a jury of the amount of the

plaintiff's claim for damages are collected in 25A C.J.S., Damages, § 179 (b), and in a note in 14 A.L.R.3d 541. In light of the court's explicit charge to the jury on the subject and in the absence of any proof of prejudice to the defendant, we find no error in the ruling of the court denying the motion of the defendant to exclude from the knowledge of the jury the amount of the ad damnum claimed by the plaintiff.

There is no error.