ALEXANDER PITTER *v.* GARY R. GRIPPO ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued March 7—decision released April 24, 1979

*John A. Ackerly,* with whom, on the brief, was *Jennifer Boyd,* for the appellants (defendants).

*Morgan P. Ames,* with whom was *John B. Glendon,* for the appellee (plaintiff).

PER CURIAM. In May of 1976, the plaintiff brought an action in Superior Court in Fairfield County to recover damages for personal injuries allegedly caused by the negligence of the defendants. The case was tried to a jury which returned a verdict for the plaintiff. From the judgment rendered the defendants have appealed to this court.

In their appeal the defendants claim that the trial court erred: (1) in overruling their challenge to the jury array, which challenge was based on the fact that the array was composed of three separate panels of jurors, rather than one; (2) in excusing two of the veniremen on the basis of their responses on voir dire examination; (3) in ruling that the defendants were not entitled to a mistrial on the grounds of (a) allegedly improper remarks in the plaintiff's opening statement and (b) an inadvertent

reference to insurance in the testimony of the plaintiff; (4) in instructing the jury on the issue of comparative negligence, in that the instructions were claimed to be misleading and inadequate; and (5) in instructing the jury that the plaintiff might be entitled to recover damages for emotional disturbance. In addition several evidentiary rulings have also been assigned as error by the defendants.

After having carefully examined the record of the proceedings below in light of the above claims of error, we conclude that the record is clearly sufficient to sustain each and every one of the challenged rulings of the court below.

The defendants' final claim is that the verdict of $220,000 was excessive and that the trial court erred in refusing to set aside the verdict.

The test in determining whether a jury verdict should be set aside as excessive is whether the verdict falls within the necessarily flexible limits of fair and reasonable compensation or whether the verdict is so large as to compel a conclusion that the jury was influenced by partiality, prejudice or mistake. *Armstrong* v. *Garneau,* 163 Conn. 610, 611, 316 A.2d 511 (1972). Moreover, in determining whether an award is excessive, a court is required to consider the evidence in the light most favorable to sustaining the verdict. *Vogel* v. *Sylvester,* 148 Conn. 666, 674, 174 A.2d 122 (1961).

In the instant case there was evidence that the plaintiff had sustained severe injuries to his knee and low back, including a ruptured lumbar disk; that he has twice undergone surgery for his injuries and that he faces the possibility of yet another oper-

ation; that the hospital bills incurred to date have been substantial; and that the cost of the next operation will also be substantial.

There was also evidence that the plaintiff suffered considerable physical pain, as well as great mental anxiety, and that he is now suffering from an emotional problem; that at the time of the accident he had a work-life expectancy of approximately twenty to twenty-five years; that he has been unable to work in the three and one-half years since the accident; and that as a result of the injuries sustained, the plaintiff is now permanently disabled.

The trial court, citing the evidence as to the injuries sustained by the plaintiff and the permanent nature of those injuries, rejected the claim that the verdict was excessive and denied the motion to set aside the verdict.

A trial court's refusal to set aside a verdict is entitled to great weight and every reasonable presumption in favor of its correctness must be given. *Katsetos* v. *Nolan,* 170 Conn. 637, 656, 368 A.2d 172 (1976). The refusal to set aside a verdict will not be disturbed unless it appears that there has been a clear abuse of discretion. *Birgel* v. *Heintz,* 163 Conn. 23, 27, 301 A.2d 249 (1972). We conclude that the evidence in the record is sufficient to sustain the court's finding that the verdict, though perhaps generous, was not so manifestly unjust as to require a conclusion that it was the result of partiality, prejudice or mistake on the part of the jury.

There is no error.