## JEAN J. ROOD *v.* VINCENT A. RUSSO

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued March 2—decided March 24, 1971

1

*G. Randolph Erskine,* for the appellant (plaintiff).

*Henry W. O'Brien,* for the appellee (defendant).

SHAPIRO, J. The plaintiff was injured while operating her automobile which was struck in the rear by the defendant's automobile. She brought this action for damages alleging negligence of the defendant-operator. The case was tried to a jury which returned a verdict of $6500. The plaintiff moved to set the verdict aside on the ground that it was inadequate. The trial court denied the motion and the plaintiff has appealed from the judgment rendered on the verdict. The sole issue is whether the trial court erred in refusing to set aside the verdict as inadequate.

The plaintiff claimed to have proved that on the morning of November 20, 1964, the day following the accident, having pain in her neck and shoulder area, she was examined by one Selker, a neurologist, who prescribed a Thomas collar. She saw him six to eight times until February, 1965, and during this period of time she received muscle relaxants and medication for pain. He stopped treating her in the spring of 1965 and she received no further treatment until she had an onset of neck pain in November, 1965, when she had picked up a vacuum cleaner

or some other heavy object. She was hospitalized for about a week, resuming treatment with Selker. In 1966, she was again hospitalized on two occasions, the first, on January 28, related to tests preliminary to a spinal fusion and the second, on February 23, for the operation which resulted in an excision of two cervical discs and a fusion. Selker performed the operation in conjunction with Wayne O. Southwick, an orthopedic surgeon. Following her discharge from the hospital, she was readmitted for three weeks with a pulmonary embolism for which she was treated by Clarence E. Cahow, a surgeon. She suffered pain and disability. She incurred medical and drug bills in a total amount of $3959.98 and also incurred household help expense from November, 1964, to September, 1969, in the amount of $3027. It remained for the jury to determine how much of the plaintiff's difficulties and expenses were causally related to the accident.

In reviewing the action of the trial court on a motion to set aside a verdict, our primary concern is to determine whether the court abused its discretion. *Conti* v. *Brown,* 149 Conn. 465, 467, 181 A.2d 591; *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596. We decide only whether, on the evidence presented, the jury could fairly reach the conclusion they did. *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.,* 143 Conn. 468, 474, 123 A.2d 760. The credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury. We cannot retry the case. *Henry* v. *Bacon,* 143 Conn. 648, 651, 124 A.2d 913. The jury had a right to accept part of the testimony and to disregard the remainder. *Desmarais* v. *Pinto,* supra, 111.

The jury heard no testimony from Selker. During the trial Southwick testified for the plaintiff that

on November 20, 1964, an X-ray taken at the hospital of the plaintiff's cervical area showed narrowing of the interspace between the fifth and sixth cervical vertebrae and spur formation which went into the spinal cord region as well as into the nerve root holes, all of which had taken place prior to the accident and were degenerative changes; that while it was more probable than not that there was a causal relationship between the accident and the operation he helped perform with Selker on February 23, 1966, he testified that "[n]o one finding was the cause for her . . . one could not say this or that finding caused her operation." Cahow, a surgeon, testified for the plaintiff and stated his opinion regarding the causal relationship between the spinal fusion and the condition for which he treated her. Lycurgas M. Davey, a neurosurgeon, was called as a witness by the defendant and testified that he examined the plaintiff on August 7, 1967. He related the fusion to the accident but was told by the plaintiff that the exacerbation in November, 1965, recurred for no apparent reason. She made no mention to him about lifting a vacuum cleaner.

The jury were presented with a situation where Selker did not testify and where he had stopped treating the plaintiff in the spring of 1965 and she had received no further treatment until November, 1965, after the lifting by her of a vacuum cleaner or some other heavy object. The jury could reasonably have concluded that she had a prior degenerative condition and that the accident caused slight injury for which she was treated briefly by Selker and recovered and that subsequently she had an unconnected second injury. The fact that she said nothing to Davey about the lifting incident could well have given the jury the justified impression

that she was trying to conceal that fact. Also, the jury were not bound by the opinion of the expert witnesses and could reject their opinion regardless of whether they believed or disbelieved the subordinate facts on which the opinion was based. *Desmarais* v. *Pinto,* 147 Conn. 109, 111, 157 A.2d 596; *Van Detti* v. *Parsons Bros., Inc.,* 146 Conn. 282, 286, 150 A.2d 200. "The ultimate test is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. *Hook* v. *Dubuque,* . . . [153 Conn. 113, 115, 214 A.2d 376]; *Sheiman* v. *Sheiman,* 143 Conn. 222, 223, 121 A.2d 285." *Marin* v. *Silva,* 156 Conn. 321, 323, 240 A.2d 909. The fact that both the court and the jury concurred in their determination is a persuasive argument for sustaining the action of the court on the motion. *Tucker* v. *Halay,* 156 Conn. 633, 634, 242 A.2d 730.

The trial court's memorandum of decision shows its firm conviction that the verdict was fair and that it was not unreasonable for the jury to determine that the plaintiff failed to sustain her burden of proving that the developments after November, 1965, were caused by the automobile accident. The trial court, by reason of its vantage point, had an opportunity superior to ours to evaluate the evidence and to sense the tenor of the trial. *Butler* v. *Steck,* 146 Conn. 114, 119, 148 A.2d 246. The record before us fails to indicate that the court abused its liberal discretion in refusing to set aside the verdict as inadequate.

There is no error.

In this opinion the other judges concurred.