MARINO S. FABRIZIO, ADMINISTRATOR (ESTATE OF RICHARD E. FABRIZIO) *v.* ALFRED E. SMITH ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued February 7—decided February 21, 1973

*Maxwell Heiman,* with whom, on the brief, were *Thomas J. O'Donnell* and *William J. Eddy,* for the appellant (plaintiff).

*Joseph P. Kenny,* with whom, on the brief, was *Leslie R. Brimmer,* for the appellees (defendants).

PER CURIAM. The plaintiff's decedent, just under twenty-one years of age, died as the result of an automobile accident which the defendants admitted was caused by the negligence of the named defendant, who was operating a family car owned by his wife, a codefendant. A jury rendered a verdict for the plaintiff in the amount of $25,000. The trial court denied the plaintiff's motions for additur and to set aside the verdict as inadequate and the plaintiff appealed from the judgment, assigning error in the denial of his motions, in a portion of the charge and in the refusal of the court to charge in accordance with a request filed by the plaintiff.

In reviewing the action of the trial court in denying the motions for additur and to set aside the verdict, our primary concern is to determine whether the court abused its discretion and we decide only whether, on the evidence presented, the jury could fairly reach the verdict they did. *Rood* v. *Russo,* 161 Conn. 1, 3, 283 A.2d 220. In a lengthy memorandum of decision the court, a jurist of long experience, carefully analyzed the evidence and precedents and stated its conclusion that "it is the view of the court in the case at bar that the verdict of $25,000 rendered by the jury cannot be said to be inadequate in view of the disclosed matters pertaining to the health of plaintiff's decedent; and, as already indicated, and under the circumstances, a verdict of less than $25,000 could have been returned and not be subject to justified interference by the court." "The fact that both the court and the jury concurred in their determination is a persuasive argument for sustaining the action of the court on the motion." *Rood* v. *Russo,* supra, 5. On a review of the evidence as summarized in the appendices to the briefs and analyzed in the court's memorandum

of decision and applying the basic test "whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption"; *Ruda* v. *McKinstry,* 162 Conn. 268, 273, 294 A.2d 318, *Marin* v. *Silva,* 156 Conn. 321, 323, 240 A.2d 909; we conclude that the record fails to indicate that the court abused its liberal discretion in refusing to set aside the verdict as inadequate.

We find no merit to the assignments of error directed to the charge. It fairly presented the case to the jury in such a way that no injustice was done to either party under the established rules of law. *Amato* v. *Sawicki,* 159 Conn. 490, 494, 271 A.2d 80; *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 20, 118 A.2d 798.

There is no error.