PAUL FRONCZEK ET AL. *v.* DELLA BITTA-BASSOLA, INC.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued May 2—decided June 5, 1973

*William F. Gallagher,* with whom were *Bernard Poliner* and, on the brief, *Cyril Cole,* for the appellants (plaintiffs).

*John J. Reid,* for the appellee (defendant).

PER CURIAM. The sole assignment of error in this appeal is whether the trial court erred in setting aside the verdict in favor of the named plaintiff unless he filed a remittitur. The jury returned a verdict of $15,000 for the named plaintiff for his injuries and a verdict of $1400 for the plaintiff Stanley Fronczek, the father of Paul, for special damages. The trial court, after a review and analysis of the evidence relating to damages, concluded that the verdict was excessive and ordered remittiturs by both plaintiffs. The plaintiff Stanley Fronczek filed a remittitur of $933, but the plaintiff Paul Fronczek refused to file a remittitur and has appealed.

From a review of the evidence printed in the appendices to the briefs submitted by both the named plaintiff and the defendant, it appears that the court in its memorandum of decision ordering the remittiturs correctly analyzed the evidence concerning both plaintiffs. It noted that on November 15, 1962, Paul Fronczek, hereinafter referred to as the plaintiff, was hospitalized for about a week after a plank fell on him causing severe bruises and injuries to the muscle and the soft tissues of his back. Thereafter, the plaintiff was treated on an irregular basis for nine months by a general medical practitioner. Following discharge by his physician, the plaintiff entered the armed forces and at the time of trial had served almost eight years. Although at the time of trial he still complained of backaches after periods of stress, he had no permanent disability and during his military service he had sought medical attention on only one or two occasions. The court also noted that the plaintiff, while in uniform, testified with respect to his service in Vietnam. It concluded that, on all the evidence, the jury were motivated by both partiality and prejudice in their award of damages. The court's conclusion was buttressed by the fact that the jury had disregarded the court's instructions in awarding Stanley Fronczek the sum of $1400 when, on the basis of the evidence, his maximum recovery was limited to $467.

Where the court orders the verdict set aside unless a remittitur is filed, that action will not be disturbed unless the broad legal discretion vested in the trial court was abused. *Brooks* v. *Singer,* 147 Conn. 719, 158 A.2d 745; *Butler* v. *Steck,* 146 Conn. 114, 117, 148 A.2d 246. The court's action is entitled to great weight; *Peterson* v. *Sypher,* 162 Conn. 616, 617, 295 A.2d 560, *Gorham* v. *Farmington Motor Inn, Inc.,*

159 Conn. 576, 583, 271 A.2d 94; and in determining whether a court has abused its discretion an important consideration is the fact that the trial judge can sense the atmosphere of a trial and can apprehend far better than this court, limited to a printed record, what factors, if any, could have improperly influenced the jury. *Birgel* v. *Heintz,* 163 Conn. 23, 26, 301 A.2d 249. From an examination of the record and the appendices to the briefs, it appears that the court did not abuse its discretion in ordering the remittitur. *Peterson* v. *Sypher,* supra; *Brooks* v. *Singer,* supra.

In reducing the verdict by $3500 the court "went as far as it believed it reasonably could without trespassing upon the prerogatives of the jury. . . . In the ordering of a remittitur, a fair appraisal of compensatory damages, and not the limit of legitimate generosity, is the rule. . . . The verdict as reduced falls within the necessarily flexible limits of fair and reasonable compensation, and this court should not interfere with it." *Allen* v. *Giuliano,* 144 Conn. 573, 578, 135 A.2d 904.

There is no error.