JOHN THOMAS *v.* ABRAHAM KATZ

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued June 1—decision released August 10, 1976

*Edward R. Carley,* on the brief, for the appellant (defendant).

*Robert K. Lesser* and *Cordalie Benoit,* on the brief, for the appellee (plaintiff).

Bogdanski, J.   The plaintiff brought this action to recover damages for personal injuries allegedly caused by the negligence of the defendant, a landlord, in the maintenance of a common stairway of a multistory apartment building.  From the judgment rendered on a verdict in favor of the plaintiff, the defendant has appealed, claiming that the verdict was not supported by the evidence, that it was excessive, and that the court erred in failing to set the verdict aside and in making various rulings on evidence.

We consider first the claimed errors with respect to the rulings on evidence.  Practice Book § 631A (c) (3) requires that when error is claimed in rulings on evidence, the appellant's brief shall include "the question or offer of exhibit; the objection and the ground on which it was based; the ground on which the evidence was claimed to be admissible; the answer, if any; the ruling; and any exception.  When the basis of the ruling cannot be understood without a knowledge of the evidence . . . , a brief narrative . . . of such evidence . . . should be made."  The defendant's brief fails to set forth any of the material required by that Practice Book rule.  We are, therefore, unable to review those claims.

The defendant did, however, brief a claim of error with respect to the court's charge to the jury concerning the subject of the failure to call a witness. Again a reference to the Practice Book discloses that § 249 provides in part that "[t]he supreme court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party

appealing immediately after the charge is delivered." That procedure is required in order to ensure that the trial court has an opportunity to cure any defects or ambiguities in the charge, thus avoiding the inconvenience and the expense of unnecessary retrial. *Tough* v. *Ives,* 162 Conn. 274, 286, 294 A.2d 67; *Prystash* v. *Best Medium Publishing Co.,* 157 Conn. 507, 512, 254 A.2d 872; *Towhill* v. *Kane,* 147 Conn. 191, 193, 158 A.2d 251. The record before us fails to reveal that the defendant filed either any request to charge or took any exception to the charge as delivered. Under those circumstances, we find no error. *Tough* v. *Ives,* supra.

The remaining claims of error concerning the verdict are tested by the evidence printed in the parties' briefs. The preliminary statements of facts contained in the parties' briefs, pursuant to §§ 631A and 632A of the Practice Book, reveal the following undisputed facts: On and before July 24, 1969, the defendant was the owner of a multistory apartment house located at 437-443 Helen Street in Bridgeport. On that date, the plaintiff made an arrangement with the defendant to rent an upstairs apartment, received a receipt for the rental payment, and was told he could move in. The next evening, along with his son and a friend, the plaintiff began to move furniture and his belongings into the apartment up through a common rear stairway. While reaching for a light chain at the top of the stairway, the plaintiff fell down the stairway and was injured. The defendant offered evidence to show that the rear stairway was illuminated by timer-controlled lights, and that the building was inspected periodically by a building superintendent and by the defendant himself. The plaintiff offered evidence to show that it was dark on the stairway,

that he fell while trying to locate and pull a light chain, and that there was no illumination on the stairway because there was no bulb in the light fixture.

"[T]he question whether there was sufficient evidence [to support the verdict] is for the jury, who have the sole province of weighing the evidence and determining the credibility of the witnesses." *Hanauer* v. *Coscia,* 157 Conn. 49, 53, 244 A.2d 611. "For the attack on the court's refusal to set aside the verdict to succeed, it must appear that the evidence furnished no reasonable basis for the jury's conclusion . . . . *Kronish* v. *Provasoli,* 149 Conn. 368, 370, 179 A.2d 823. . . . The choice of the more credible evidence was for [the jury] to make. *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596." *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 499, 208 A.2d 748. Once evidence has been submitted to a jury, it is they who decide whether the evidence is sufficient for a finding of liability. The evidence presented to the jury and the inferences that could be drawn therefrom furnished a reasonable basis for the jury's ultimate conclusion. We conclude, therefore, that the trial court correctly refused to set the verdict aside.

The jury by their verdict awarded the plaintiff $17,000 damages. The court thereafter ordered the amount reduced to $15,000 because the ad damnum was $15,000. The defendant claims that the verdict as accepted was excessive and not commensurate with the injuries received.

It is fundamental that the trial court's refusal to set aside a verdict as excessive is given great weight, and every reasonable presumption should be

given in favor of its correctness. *Gosselin* v. *Perry,* 166 Conn. 152, 168, 348 A.2d 623; *Dudas* v. *Ward Baking Co.,* 104 Conn. 516, 518, 133 A. 591; *Roma* v. *Thames River Specialties Co.,* 90 Conn. 18, 20, 96 A. 169. " '[W]e are concerned primarily with whether the court has abused its discretion. See *Hagstrom* v. *Sargent,* 137 Conn. 556, 561, 79 A.2d 189.' " *Gosselin* v. *Perry,* supra.

The evidence as to damages was that the plaintiff was thirty years of age with a life expectancy of thirty-five years at the time of trial, that he suffered a cerebral concussion, sprains of both knees, a sprain of the lumbosacral muscles, contusions and bruises of the entire body, and that he incurred a 50 percent permanent partial disability of the back, requiring him to wear a back brace and use a cane for over a year. His special damages were $435 for medical expenses and $7280 for loss of wages for one year.

"The ultimate test which must be applied to the verdict by the trial court is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." *Birgel* v. *Heintz,* 163 Conn. 23, 28, 301 A.2d 249; Maltbie, Conn. App. Proc. § 197. The assessment of damages is peculiarly within the province of the jury and the court should not interfere with that determination except when the verdict is plainly excessive or exorbitant. *Lopez* v. *Price,* 145 Conn. 560, 569, 145 A.2d 127; *Szivos* v. *Leonard,* 113 Conn. 522, 525, 155 A. 637; *Rutkowski* v. *Connecticut Light & Power Co.,* 100 Conn. 49, 54, 123 A. 25.

We have been presented with no facts which would indicate that the jury could not have fairly reached their verdict. See *Fabrizio* v. *Smith,* 164 Conn. 385, 386, 321 A.2d 467; *Rood* v. *Russo,* 161 Conn. 1, 3, 283 A.2d 220.

There is no error.

In this opinion the other judges concurred.