DEBORAH DEEDY v. JAMES MARSDEN

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued February 3—decision released March 22, 1977

---

[1] As pointed out by the defendant, the plaintiff's chief expert inspected the property eight months after the fire.

*A. A. Washton,* for the appellant (plaintiff).

*Edward F. Hennessey,* for the appellee (defendant).

PER CURIAM. In this action seeking damages for injuries resulting from an attack by a dog owned by the defendant, the jury returned with an initial verdict awarding the plaintiff $35,000 as damages. Since the ad damnum of the complaint was only $25,000, the trial court did not accept the verdict. Upon receipt of the verdict the court excused the jury and conferred with counsel in chambers. The jury were recalled and the court informed the jury that the maximum permissible verdict was $25,000 and ordered the jurors to return to the jury room to "reconsider" and to "put the figure in under the ad damnum clause." The jurors deliberated for fifteen minutes and returned with a verdict for the plaintiff in the amount of $7500. The court accepted the verdict, ordered it recorded, and refused the plaintiff's request to return the jurors for a second reconsideration. Thereupon, the plaintiff moved the court to set the verdict aside on the grounds that it was contrary to the law, against the evidence and inadequate. Upon the failure of the defendant to offer an additur of $4500 ordered by the court, the verdict was set aside on June 16, 1976. Thereafter, on July 6, 1976, the plaintiff filed a motion requesting the court to reinstate the original verdict of $35,000, to reduce it to $25,000 and to render judgment thereon. The court denied the motion on July 23, 1976, and ordered a new trial. The plaintiff has appealed from the above rulings of the court.

The plaintiff argues in her brief that since the original verdict was in excess of the stated ad damnum, § 247A of the Practice Book mandates the

procedure which the court is to follow, namely, that the court "shall reduce the award to, and render judgment in, the amount demanded." However, as argued by the defendant, under the provisions of Practice Book § 246, the court may, if it judges that the jury have mistaken the evidence or the law, return the jury for a second or third consideration. Implicit in the rule is the right of the trial court to set aside any verdict which, in the opinion of the court, is excessive or inadequate.

In our view, we need not consider the above claims in view of the fact that the plaintiff did not object to the procedure that the court ordered the jury to follow, nor did she take an exception to the court's additional instructions concerning the verdict. The purpose of the rule (Practice Book § 249) requiring that exceptions to a charge be taken "immediately after the charge is delivered" is to alert the court to any claims of error while there is still an opportunity for correction. *Towhill* v. *Kane,* 147 Conn. 191, 193, 158 A.2d 251. Alleged errors which have not been the subject of an exception in the trial court are considered to be raised for the first time on appeal and will not be considered by this court. Failure to raise the claim at trial denies the court an opportunity to correct its ruling, if erroneous, and also frequently deprives this court of the elucidation which might be provided by the trial court's explanation of its ruling. Since no exception to the charge or the procedure followed by the court was taken, the plaintiff's claims will not be reviewed. *Pollack* v. *Gampel,* 163 Conn. 462, 474, 313 A.2d 73; *State* v. *Hawkins,* 162 Conn. 514, 516–17, 294 A.2d 584, cert. denied, 409 U.S. 984, 93 S. Ct. 332, 34 L. Ed. 2d 249.

There is no error.