FLORENCE MANSFIELD *v.* CITY OF NEW HAVEN

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Submitted on briefs January 10—decision released March 7, 1978

*Alexander Winnick,* on the brief, for the appellant (plaintiff).

*Dennis L. Pieragostini,* on the brief, for the appellee (defendant).

PER CURIAM. This action was brought by the plaintiff to recover damages for personal injuries allegedly suffered as the result of a fall on an icy sidewalk. The court accepted the jury verdict for the plaintiff in the amount of $20,000 and denied the plaintiff's subsequent motion to set the verdict aside on the ground that it was inadequate. On the

plaintiff's appeal, her only claims are that the court committed error in refusing to set aside the verdict in her favor as inadequate and in refusing an additur to the verdict.

The jury returned a verdict for the plaintiff in the amount of $20,000. When the verdict was read, the court stated to the jury that, in its opinion, "the amount of this award is certainly not one that is just, reasonable and fair compensation," and that "[t]he court feels that the verdict is extremely low, in view of what has been testified to here in open court." The court, thereupon, sent the jury back for further deliberations, telling them: "So there will be no misunderstanding, if you, the jurors, feel that the amount you have indicated on this verdict form is fair, just and reasonable compensation, then, of course, you will allow this figure to remain. . . . That is not an order that you must change these figures. . . . I am going to return this to you now. If you feel that it should be the same amount, you will allow that amount to remain." After deliberating further, the jury made no change in the award of damages, and the court accepted the verdict for $20,000 and, subsequently, after argument, denied the plaintiff's motion to set it aside as inadequate.

" 'The ultimate test which must be applied to the verdict by the trial court is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption.' *Birgel* v. *Heintz,* 163 Conn. 23, 28, 301 A.2d 249; Maltbie, Conn. App. Proc. § 197." *Thomas* v. *Katz,* 171 Conn. 412, 416, 370 A.2d 978. It is peculiarly the function

of the jury to determine what damages a plaintiff has sustained; *Birgel* v. *Heintz,* supra, 34; and "[t]he ruling of the trial court on a motion to set aside the verdict is entitled to great weight and every reasonable presumption should be given in favor of its correctness. *Gosselin* v. *Perry,* 166 Conn. 152, 168, 348 A.2d 623; *Darling* v. *Burrone Bros., Inc.,* 162 Conn. 187, 200, 292 A.2d 912." *Doran* v. *Wolk,* 170 Conn. 226, 234, 365 A.2d 1190; see *Fabrizio* v. *Smith,* 164 Conn. 385, 386, 321 A.2d 467; *Rood* v. *Russo,* 161 Conn. 1, 5, 283 A.2d 220.

It is apparent from the record that had the trial been to the court rather than to the jury the damages awarded would have been larger. Despite this divergence in views, however, when the jury adhered to their decision the court properly recognized the jury's prerogative. "The right to a jury trial is fundamental in our judicial system, and this court has said that the right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court." *Camp* v. *Booth,* 160 Conn. 10, 13, 273 A.2d 714.

It cannot be held, as a matter of law, that the jury's award does not fall within the necessarily uncertain limits of just damages or that the court abused its discretion in refusing to set aside the verdict as inadequate.

There is no error.