JANE M. ANGELICA ET AL. *v.* ANTHONY FERNANDES

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued February 16—decision released April 4, 1978

*Michael L. Riccio,* with whom was *Brian J. Comerford,* for the appellants (plaintiffs).

*Noel R. Newman,* for the appellee (defendant).

PER CURIAM. This action arose from the collision of two automobiles on the night of September 26, 1969. The plaintiff Jane M. Angelica was the operator of a car preparing to enter the eastbound lanes of the Merritt Parkway in Fairfield. The plaintiff Mary Hovhannissian was a passenger in the front seat. That car was struck in the rear by an automobile operated by the defendant, Anthony Fernandes. Both plaintiffs claimed to have been injured as a result of the collision and brought suit to recover for their injuries. The case was tried to a jury which returned a verdict for Mrs. Angelica in the amount of $1000 and in favor of Mary Hovhannissian in the amount of $50. The sole claims of the plaintiffs are that the verdicts were inadequate and that the court erred in denying their motions to set aside the verdicts or to order an additur.

It is unnecessary to discuss the evidence which was submitted for the jury's consideration. The extent of the injuries which the plaintiffs sustained

was hotly contested as was the causal relationship between the accident and the injuries claimed. Those questions were properly for the consideration of the jurors, who determine the credibility of the witnesses and the weight to be accorded to their testimony. *Rood* v. *Russo,* 161 Conn. 1, 3, 283 A.2d 220. The amount of an award is a matter peculiarly within the province of the trier of facts; *Mansfield* v. *New Haven,* 174 Conn. 373, 375, 387 A.2d 699; *Johnson* v. *Flammia,* 169 Conn. 491, 499, 363 A.2d 1048; and "[t]he trial court's refusal to set aside the verdict is entitled to great weight and every reasonable presumption should be given in favor of its correctness." *Katsetos* v. *Nolan,* 170 Conn. 637, 656, 368 A.2d 172. On appeal, the conclusion of the trial court from the vantage point of the trial bench cannot be disturbed unless there is a clear abuse of discretion. *Birgel* v. *Heintz,* 163 Conn. 23, 27, 301 A.2d 249. On the record before us, we find no abuse of that discretion.

There is no error.