H. William Fritz, Administrator (Estate of Daniel H. Fritz) *v.* Dorothy Madow et al.

Cotter, C. J., Loiselle, Bogdanski, Peters and Healey, Js.

Argued October 3—decision released November 27, 1979

*Thomas L. Brayton,* for the appellants (defendants Richard F. Schneider et al.).

*H. James Stedronsky,* for the appellee (plaintiff).

BOGDANSKI, J. The plaintiff administrator brought this action against the defendants Dorothy and Jamie Madow, Richard F. Schneider and Allied Building Contractors, Inc., to recover damages for the death of his seventeen-year-old son resulting from a two car collision. The decedent was a passenger in the car driven by the defendant Jamie Madow. The owners and operators of both vehicles admitted liability and the case was submitted to the jury as a hearing in damages.

During jury selection, the Madows paid the plaintiff $40,000 for a covenant not to sue and withdrew from the case. At the conclusion of the trial the jury returned a verdict of $25,000 against the defendants Schneider and Allied Building Contractors. The defendants then moved to "complete the record." The object of that motion was to have the court offset the jury verdict by the $40,000 paid to the plaintiff administrator for the covenant not to sue. Such a procedure is authorized by § 52-216a of the General Statutes.[1] Pursuant to the express language of the statute, the trial court may consider payments made to the plaintiff by joint tortfeasors in determining the adequacy of the jury verdict and in making any appropriate adjustments thereto. Had the motion been granted, the defendants Schneider and Allied Building Contractors, although admitting liability, would have paid nothing. The trial court denied the motion and from that denial the defendants took this appeal.

The sole issue on appeal is whether a payment by one tortfeasor for a covenant not to sue that is in excess of the verdict subsequently returned against a joint tortfeasor necessarily entitles the joint tortfeasor to a reduction or erasure of the verdict as to damages.

---

[1] "[General Statutes] Sec. 52-216a. READING OF AGREEMENTS OR RELEASES TO JURY PROHIBITED. An agreement with any tortfeasor not to bring legal action or a release of a tortfeasor in any cause of action, shall not be read to a jury or in any other way introduced in evidence by either party at any time during the trial of such cause of action against any other joint tortfeasors, nor shall any other agreement not to sue or release or claim among any plaintiffs or defendants in such action be read or in any other way introduced to a jury, except the court at the conclusion of the trial may deduct from the verdict any amount of money received by any party to such action pursuant to such agreement not to sue or such release of claim. Nothing in this section shall prohibit the introduction of such agreement or release in a trial to the court."

The defendants claim first that the word "may" as used in § 52-216a must be interpreted as mandatory rather than permissive. We do not agree.

Section 1-1 of the General Statutes provides that in construing statutes, words and phrases are to be given their ordinary meaning. The court's function, therefore, is to determine the fair meaning of what the legislature said, not what it meant to say. It is well settled that the plain and unambiguous terms of a statute govern its construction rather than speculation as to some policy or equities claimed to be embodied therein. *State ex rel. Kirby* v. *Board of Fire Commissioners,* 129 Conn. 419, 424, 29 A.2d 452 (1942).

The use of the word "may" in General Statutes § 52-216a is a clear indication that a discretionary rather than a mandatory duty was intended. *Shulman* v. *Zoning Board of Appeals,* 154 Conn. 426, 428, 226 A.2d 380 (1967). Moreover, the fact that this statute uses "shall" three times and "may" once lends further support to the contention that the legislature intended to distinguish those words according to their ordinary meanings. Ibid.

The defendants also contend that the court must declare a verdict satisfied when the payment in settlement by one joint tortfeasor exceeds the jury verdict against the other joint tortfeasor. Citing *Dwy* v. *Connecticut Co.,* 89 Conn. 74, 95, 92 A. 883 (1915), they argue that when a right of action has once been satisfied it ceases to exist; that if part satisfaction has already been obtained, further recovery can only be had of a sum sufficient to accomplish full satisfaction; and that anything received on account of the injuries inures to the benefit of all and operates as payment pro tanto. More specifi-

cally, they claim that because the jury verdict was for less than that already received by the plaintiff for the covenant not to sue, the court should have considered the verdict and judgment satisfied.

While it is true that the jury determines damages, it is also true that the court reviews damages to determine whether they are adequate. In this case, it is apparent that the verdict returned by the jury was such that the court refused to deduct from it any portion of the payment for the covenant on the ground that the total of the two amounts did not constitute an excessive recovery.

Prior to the enactment of General Statutes § 52-216a the jury was instructed that a payment received in consideration for the plaintiff's covenant not to sue was an item to be considered by them in mitigation of the amount of damages. *Bonczkiewicz* v. *Merberg Wrecking Corporation*, 148 Conn. 573, 578, 172 A.2d 917 (1961). In practice, however, the disclosure of such covenants to the jury was often more prejudicial than probative, and was of questionable utility since the mathematical adjustment of the verdict could readily be effected by the court alone. By placing the adjustment of the jury verdict solely within the sound discretion of the trial court, the legislature has not only eliminated the possible prejudicial effect of disclosure, but has reduced the possibility that an admittedly liable joint tortfeasor will escape payment. The adjustment authorized by General Statutes § 52-216a should also reduce the number of cases in which the trial court orders the jury to reconsider its verdict, or sets aside the verdict as being inadequate or excessive and orders a new trial. See *Deedy* v. *Marsden*, 172 Conn. 568, 570, 375 A.2d 1032 (1977).

No claim has been made by the defendants that the court abused its discretion in refusing to set off the amount of the jury verdict by the amount received in consideration for the covenant not to sue.

There is no error.

In this opinion COTTER, C. J., PETERS and HEALEY, Js., concurred.

LOISELLE, J. (dissenting). I cannot agree with the majority opinion. The record contains no finding to determine the reason for the court's denial of the defendants' motions to set aside the verdict and to complete the record. A memorandum of decision is in the record. Where there is no finding, we must "consult the memorandum of decision to ascertain the conclusions on which the trial court based its judgment." *Goldberg* v. *Zoning Commission,* 173 Conn. 23, 25, 376 A.2d 385 (1977); *Anonymous* v. *Norton,* 168 Conn. 421, 423, 362 A.2d 532 (1975). Even where a finding is ambiguous, the court must resort to the memorandum of decision. *Bridgeport Pipe Engineering Co.* v. *DeMatteo Construction Co.,* 159 Conn. 242, 247, 268 A.2d 391 (1970); *Kriedel* v. *Krampitz,* 137 Conn. 532, 535, 79 A.2d 181 (1951).

The plaintiff filed a motion to set aside the $25,000 verdict as inadequate. In its memorandum of decision, the court said: "In considering a motion to set aside a verdict the court must 'decide whether, on the evidence presented, the jury could fairly reach the conclusion they did. *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.,* 143 Conn. 468, 474, 123 A.2d 760. The credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury. [The court] cannot retry the case. *Henry* v. *Bacon,* 143 Conn. 648, 651, 124 A.2d

913. The jury had a right to accept part of the testimony and to disregard the remainder. *Desmarais v. Pinto,* 147 Conn. 109, 111, 157 A.2d 596.' *Rood v. Russo,* 161 Conn. 1, 3 [283 A.2d 220] (1971). Based on an examination of the testimony and exhibits, under all of the circumstances evident here, the court concludes that the sums awarded constitute a fair conclusion on the part of the jury and the motions to set aside the verdict are, therefore, denied."

The court's determination that the verdict was reasonable and not inadequate under the circumstances of this particular case is definite and unequivocal. I do not understand that portion of the majority opinion which states that it is apparent that the trial court refused to deduct from the verdict any portion of the payment for the covenant on the ground that the combination of the two amounts was not excessive. The court found that the $25,000 verdict was reasonable and that the other defendant had already paid $40,000. I cannot subscribe to the proposition that a court has the discretion to add to a verdict which it has found to be reasonable so long as that addition does not make the total award excessive.

If the memorandum of decision is not consulted, the court's reasoning is based on a judgment of $25,000 awarded by a jury and a payment under a covenant of $40,000 in a death action concerning a seventeen-year-old male. I cannot agree that a $25,000 verdict is inadequate as a matter of law regardless of the circumstances and the evidence produced. See *Fabrizio v. Smith,* 164 Conn. 385, 386, 321 A.2d 467 (1973).[1]

---

[1] Under the circumstances of this case, $40,000 is the amount which would have been found to be inadequate as a matter of law.

General Statutes § 52-216a states that where a covenant not to sue has been given by a plaintiff, such agreement shall not be revealed to the jury. The jury must determine the full value of the case without knowledge of the agreement. The court "may" then deduct from the verdict any amount received under the agreement. I interpret the discretion given the court by the statute as similar to the discretion exercised by the court when either an additur or a remittitur is made. This discretion is a legal discretion and must not be abused. *Fronczek* v. *Della Bitta-Bassola, Inc.,* 165 Conn. 102, 103, 328 A.2d 680 (1973) ; see also General Statutes § 52-228.

It is a well-established rule of law that a plaintiff is entitled to full satisfaction for his damages and no more. Amounts received by the plaintiff from one defendant on account of the injury inure to the benefit of all defendants. *Dwy* v. *Connecticut,* 89 Conn. 74, 95, 92 A. 883 (1915). There is no legislative history of any consequence regarding the enactment of § 52-216a. I just cannot believe that the legislature intended to overthrow this time-honored principle, without comment, by inserting the word "may" in a statute and giving the court unbridled discretion to make an additur under these circumstances.

I cannot agree that a $40,000 settlement in a death case of a seventeen-year-old male is inadequate as a matter of law regardless of the evidence produced.