AETNA INSURANCE COMPANY *v.* BLANCHE M. COLBERT

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 1118

Argued June 23 – decided October 2, 1981

*James M. S. Ullman,* for the appellant (defendant).

*Paul A. Morello, Jr.,* for the appellee (plaintiff).

PER CURIAM. The plaintiff, an insurance company, brought this action for reimbursement of basic reparations benefits paid to its insured pursuant to the no-fault provisions of her automobile insurance policy. The plaintiff had paid its insured basic reparations benefits for lost wages and other economic loss resulting from an automobile collision.[1] Thereafter, the defendant settled her claim against the tortfeasor, recovering an amount greater than the reparations benefits she had received. The plaintiff brought this action when the defendant refused to reimburse it, pursuant to General Statutes § 38-325 (b), from the proceeds of her settlement. After both parties had filed motions for summary judgment, the trial court rendered judgment for the plaintiff. The defendant has appealed.

General Statutes § 38-325 (b), at all times pertinent to this action, entitled insurers to reimbursement of

---

[1] Although the defendant claimed $5200.00 in her complaint, that amount was reduced to $5000.00 at judgment, to accord with General Statutes § 38-320 (d). That section provides that the amount of reparations benefits payable for economic loss from injury "shall not exceed $5000.00 per person . . . ."

basic reparations benefits paid to an insured who "recovers damages . . . from the owner . . . of a private passenger motor vehicle with respect to which security has been provided . . . ."[2] The defendant contends that the term "recovers damages" pertains solely to proceeds received by way of judgment, thereby excluding from reimbursement all proceeds acquired by an insured through settlement of a disputed claim.

The word "recover" is defined as the ability "to get or win back" and the word "damages" is defined as "loss due to injury." Webster's Third New International Dictionary. Thus, the ordinary definition of the phrase "recovers damages" is "the winning back of losses incurred from injury." This definition is considerably broader than that advocated by the defendant. In construing statutes, "words and phrases are to be construed according to the commonly approved usage of the language . . . ." *Wiegand* v. *Heffernan,* 170 Conn. 567, 581, 368 A.2d 103 (1976), citing *Consolidated Diesel Electric Corporation* v. *Stamford,* 156 Conn. 33, 38, 328 A.2d 410 (1968). Viewed in this context, the term "recovers damages" must be construed broadly to include proceeds acquired through either settlement or judgment.

Moreover, the narrow definition advocated by the defendant contravenes the intent of the legislature to afford insurers the right to reimbursement from settlement proceeds. We have previously concluded that the phrase "recovers damages" applies to settlements as well as judgments. *Amica Mutual Ins. Co.* v.

---

[2] Public Acts 1980, No. 80-131, amended General Statutes § 38-325 (b) to provide that wherever a recipient of basic reparations benefits "recovers damages, either by judgment or settlement," from the tortfeasor, the insurer shall be entitled to reimbursement "minus an amount which represents the insurer's contribution toward attorney's fees for the collection of basic reparations benefits."

*Brown,* 37 Conn. Sup. 618, 619–20, 430 A.2d 1317 (1981); *Simmons* v. *United States Fidelity & Guaranty Co.,* 35 Conn. Sup. 664, 666, 405 A.2d 675 (1979).

The defendant also contends that the trial court improperly refused to award her a reasonable attorney's fee. General Statutes § 38-334 (b) affords the trial court discretion to award an attorney's fee to the insured's attorney for defending "any action brought against the insured by the insurer." To prevail on this issue, the defendant must show an abuse of the discretion vested in the trial court. *Fritz* v. *Madow,* 179 Conn. 269, 273–74, 426 A.2d 268 (1979). Previous decisions of this court at the time judgment was entered had resolved the issue of statutory construction, the sole ground upon which the defendant sought to defend this action, adversely to her position.[3] We believe the discretion of the trial court was reasonably exercised.

There is no error.

SHEA, DALY and BIELUCH, Js., participated in this decision.

---

[3] See *Amica Mutual Insurance Co.* v. *Brown,* 37 Conn. Sup. 618, 620, 430 A.2d 1317 (1981); *Simmons* v. *United States Fidelity & Guaranty Co.,* 35 Conn. Sup. 664, 667, 405 A.2d 675 (1979).