GLORIA GEER ET AL. *v.* FIRST NATIONAL
SUPERMARKETS, INC.
(3081)

SPALLONE, DALY and JACOBSON, Js.

Argued May 24—decision released September 10, 1985

*Donn A. Swift,* for the appellant (defendant).

*Paul E. Pollock,* with whom was *Peter Kent,* for the appellees (plaintiffs).

JACOBSON, J. The defendant is appealing from a jury verdict in favor of the plaintiffs.

The defendant claims that the trial court erred (1) in allowing expert testimony with regard to permanent injuries where the witness lacked sufficient knowledge of the named plaintiff to reach a reasonable opinion, (2) in not instructing the jury that the named plaintiff had a duty to mitigate her damages by seeking reasonable medical care, (3) in refusing to instruct the jury on the proper law regarding prior falls at the scene of the accident, and (4) in refusing to instruct the jury to disregard the arguments of the plaintiffs' attorney concerning prior falls.

The plaintiff wife brought an action in negligence for injuries she sustained from a fall in a supermarket

owned by the defendant. The plaintiff husband sought damages for loss of consortium and economic loss for medical bills. After a trial to a jury, a plaintiffs' verdict was returned and judgment rendered for the wife in the amount of $49,000 and for the husband in the amount of $20,000.

The defendant did not move to set aside the verdict.

The failure of the defendant to file a motion to set aside the verdict limits appellate review to the ascertainment of whether there has been "plain error." Practice Book § 3063; *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 513–14, 441 A.2d 163 (1981); *Rozbicki* v. *Pelletier,* 2 Conn. App. 87, 88, 476 A.2d 1069 (1984).

The first issue raised by the defendant concerns the qualifications of a doctor the plaintiffs utilized as a medical expert to testify as to the plaintiff wife's injuries. The defendant claims that the testimony of Patrick D. Carolan, an orthopedic surgeon, should not have been admitted since Carolan did not examine the plaintiff wife or her records prior to the fall, and that, because the plaintiff wife suffered from a pre-existing condition of arthritis and had a history of lupus, which contributed to her medical condition, it was not possible for Carolan to have a proper basis from which to reach an opinion. Thus, the defendant reasons, the testimony of Carolan concerning the plaintiff wife's medical condition should be ruled inadmissible. We disagree. The defendant's objection goes more to the weight to be given the doctor's testimony rather than to its admissibility.

"Whether a witness is qualified to testify as an expert with respect to a certain matter is a decision to be made by the trial court. . . . That decision will not be disturbed on appeal unless there has been an abuse of discretion or there was a clear error involving a misconception of the law. . . . It is rare for this court to

find that a trial court has erred in a ruling permitting expert testimony. . . . Once the trial court has determined that the witness has reasonable qualifications to testify as an expert on the question presented, the objection goes to the weight rather than the admissibility of the testimony." (Citations omitted.) *McKiernan* v. *Caldor, Inc.,* 183 Conn. 164, 167–68, 438 A.2d 865 (1981); see also *Spoto* v. *Hayward Mfg. Co.,* 2 Conn. App. 663, 669–70, 482 A.2d 91 (1984). Accordingly, we find no error in allowing the plaintiffs' expert to testify.

The defendant also appeals the court's decision not to instruct the jury on the duty of the plaintiff wife to mitigate damages. The defendant argues that the plaintiff wife's decision not to pursue a treatment plan advised by the defendant's medical expert was evidence of her failure to use reasonable care to mitigate her damages. Where one has been injured and fails to promote recovery as a reasonably prudent person, the trial court is obliged to charge on the issue of mitigation. *Jancura* v. *Szwed,* 176 Conn. 285, 288, 407 A.2d 961 (1978). We agree with the trial court's conclusions that it was not unreasonable for the plaintiff wife to follow the treatment recommendations of her own doctor and that her actions were those of a reasonably prudent person. The trial court's decision not to charge the jury on the duty to mitigate does not constitute plain error.

The defendant's final issues on appeal go to the trial court's refusal to instruct the jury on the law of prior falls and to disregard comments made by the plaintiffs' attorney regarding prior falls. The defendant claims comments made by opposing counsel during closing argument required such a charge. This the court refused to do, overruling the defendant's objections. The trial court is vested with a large discretion over matters occurring in the conduct of the trial. While this is a judicial discretion and therefore subject to some degree of review and control, its exercise will not be

interfered with unless it has been clearly abused to the manifest injury of a litigant. *Wooster* v. *Wm. C.A. Fischer Plumbing & Heating Co.,* 153 Conn. 700, 702, 220 A.2d 449 (1966). "The trial judge . . . is in a better position to sense the atmosphere of the trial and therefore can apprehend far better than we can the effect of certain remarks on the jury." *Pisel* v. *Stamford Hospital,* 180 Conn. 314, 322, 430 A.2d 1 (1980).

In overruling the defendant's objection, the trial court stated a corrective remark would distort the jury's impression of prior falls. We find that the court did not abuse its discretion in refusing to give the required instructions and its decision does not constitute plain error necessitating a new trial. We note that the defendant's request for corrective charges was not in writing as mandated by Practice Book § 315 and that the defendant failed to take any exception to the charge at its conclusion. See *Deedy* v. *Marsden,* 172 Conn. 568, 570, 375 A.2d 1032 (1970). The defendant cannot be silent at the close of a charge and then appeal because of inadequacies in the charge following an unfavorable verdict. *Gigliotti* v. *United Illuminating Co.,* 151 Conn. 114, 121, 193 A.2d 718 (1963).

There is no error.

In this opinion the other judges concurred.