[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#101)
On February 29, 1988 the plaintiff Daniel Murphy was terminated from employment by the defendant Midwestern Connecticut Council on Alcoholism. Subsequently, the plaintiff filed this action in two counts. The first count alleges a violation of Connecticut General Statutes Sec. 46a-60, the Fair Employment Practices Act. The second count states a claim asserting breach of a contractual obligation for termination without just cause. The defendant has moved to dismiss each count. The defendant seeks to dismiss the first count by claiming that the plaintiff cannot proceed with a cause of action under Connecticut General Statutes Sec. 46a-60 since he has not complied-with General Statutes Sec. 46a-82. Section 46a-82 provides in pertinent part:
 (a) Any person claiming to be aggrieved by an alleged discriminatory practice, except for an alleged violation of section 46a-68, may, by himself or his CT Page 1538 attorney, make, sign and file with the commission a complaint in writing under oath, which shall state the name and address of the person alleged to have committed the discriminatory practice, and which shall set forth the particulars thereof and contain such other information as may be required by the commission.
In opposing the motion to dismiss the plaintiff argues that the use of the word "may" in Sec. 46a-82 indicates that the filing of a complaint with the Commission on Human Rights and Opportunities (CHRO) is discretionary rather than mandatory. See Fritz v. Madow, 179 Conn. 269, 272 (1979); Seals v. Hickey,186 Conn. 337, 345 (1982). However, the Connecticut Supreme Court has held that "the provisions of the (Connecticut Fair Employment Practices Act) CFEPA that prohibit discriminatory employment practices; General Statutes Sec. 46a-58 through Sec.46a-81; must be read in conjunction with the act's provisions for the filing of complaints concerning alleged discriminatory practices with the CHRO." Sullivan v. Board of Police Commissioners,196 Conn. 208, 215 (1985). The Act does not provide an unconditional right of action for claimants such as the plaintiff. Id. at 216. The Sullivan case involved a claim substantially similar to the instant case in that the defendant sought to dismiss the plaintiff's CFEPA action because the plaintiff failed to first file a complaint with the CHRO and thereby exhaust his administrative remedies. In view of the plaintiff's failure to file a complaint with the CHRO, the Court held that "having failed to follow the administrative route that the legislature has prescribed for his claim of discrimination, (the plaintiff) lacks the statutory authority to pursue that claim in the Superior Court." Id. at 216. Consequently, the first count of the plaintiff's complaint in the instant case which alleges a violation of CFEPA is dismissed under the authority of the Sullivan decision. Id. at 217-18.
The defendant also seeks to have the second count of the complaint dismissed on the premise that the plaintiff has failed to exhaust his administrative remedies under a contract of employment. However, the defendant has failed to submit a copy of the purported contract in connection with its motion to dismiss. A motion to dismiss tests "whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624 (1983) (emphasis added). Since the terms of the contract are not part of the record of this case, the Court cannot properly grant the defendant's motion to dismiss the complaint's second count.
For the reasons stated, the motion to dismiss is granted as to the first count and denied as to the second count of the complaint. CT Page 1539
PICKETT, J.