[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ARTICULATION AND RECONSIDERATION (#123) CT Page 7371
I. Nature of the Instant Proceeding:
On April 3, 1992, the plaintiff, Essex Hardware, filed an application to charge the interest of a debtor, John J. Carta, a partner in the law firm of Copp, Berall, Wellette, Carta Sluis, and to appoint a receiver of that interest. On April 23, 1992, after argument, the court, Arena, J., denied the application without comment. The plaintiff thereafter filed a motion for articulation and reconsideration on May 20, 1992 and memorandum of law in support thereof on June 22, 1992. The defendant, John J. Carta, filed an objection on June 26, 1992. Oral argument was made to the court on June 22, 1992. As a result of the reason given by plaintiff's counsel in its motion to withdraw appearance which was granted by this court, this court entered an order, sua sponte, for a new hearing on the plaintiff's motion for articulation and reconsideration which was held on August 3, 1992.
II. Facts:
The facts relevant for this decision may be summarized as follows: A judgment for the plaintiff, Essex Hardware [hereinafter "Essex"], was rendered in the Superior Court in the Judicial District of Middlesex on February 22, 1990 against the defendant John J. Carta, Jr. [hereinafter "Carta"] and three other defendants in the amount of $12,473.51 in damages and $199.80 in costs plus interest to accrue at the judgment rate of ten per cent per annum. The plaintiff alleges in its application that the judgment remains unsatisfied. The plaintiff further alleges that it conducted an examination of the judgment debtor wherein it learned that the defendant had only minor assets and income in his name outside of his interest in the law firm of Copp, Berall, Wellette, Carta Sluis [hereinafter "Firm"], a partnership located in Essex, Connecticut. Pursuant to General Statutes Sec. 34-66, the plaintiff seeks an order from the court charging the interest of Carta in the firm in favor of the plaintiff and an order appointing a receiver over Carta's share of the "income and profits from the partnership, to pay the plaintiff the aforementioned sums from the proceeds thereof."
In his objection to the plaintiff's application, Carta asserts that if the court approves the plaintiff's application and authorizes the appointment of a receiver, and if at some future date the creditor is dissatisfied with the amounts collected then, pursuant to CT Page 7372 General Statutes Sec. 34-66 the receiver may, inter alia, examine the books of the partnership. The defendant argues that such activity, which would provide a third party access to the names and fee arrangements of the Firm's clients, would invade client confidentiality and attorney-client privilege as well as affect the ability of all the partners in the Firm to represent their clients in a confidential and professional manner. Furthermore, the defendant argues, to limit the receiver's ability to examine the records of the Firm as the plaintiff's proposed order reads, would nullify "the necessity of having a receiver [sic] appointed in the first place and appear to contravene the provisions of Section 28 of the Uniform Partnership Act."
III. Discussion:
General Statutes Sec. 34-66 provides in pertinent part:
 (1) On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require.
Rule 1.6(a) of the Code of Professional Conduct provides:
 (a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (a), (b), (c) and (d).
The appointment of a receiver to receive a CT Page 7373 partner's interest in a law firm partnership with the accompanying right to examine the firm's records could potentially result in a violation of client confidentiality. General Statutes Sec. 34-66 provides that the court "may" appoint a receiver; the decision to appoint a receiver is therefore left to the court's discretion. Fritz v. Madow, 179 Conn. 269,272, 426 A.2d 268 (1979). Because the appointment of a receiver is discretionary, the court may fashion its order charging the debtor's interest in the partnership and appointing a receiver thereof to deny the receiver access to any confidential information in order to avoid any violation of client confidentiality.
IV. Conclusion:
For the reason herein stated, it appearing to the court that it should reconsider its decision denying the plaintiff's application and having reconsidered it, concludes that it ought to and does hereby grant the application and issues the order hereto appended.
This court retains to itself continuing jurisdiction over this matter to guarantee that there is full compliance with the limitations herein imposed upon the receiver and to ensure that both Atty. Carta and the partnership of Copp, Berall, Wellette, Carta Sluis remain in compliance with Rule 1.6(a) of the Code or Professional conduct.
It is so ordered.
ARENA, J.
ORDER
The plaintiff's application to charge the interest of a debtor partner and to appoint a receiver thereof having been heard, and
It appearing to the Court that judgment was rendered in favor of the plaintiff in the above-entitled action on February 22, 1990 for $12,473.51 damages, $199.80 for costs, with judgment interest at ten percent per annum to accrue against the defendants including John J. Carta, Jr.; and
It further appearing that the judgment remains outstanding and wholly unsatisfied; and
It further appearing that defendant John J. CT Page 7374 Carta, Jr. is a partner doing business under the partnership name of Copp, Berall, Wellette, Carta Sluis with an office and place of business located at Penfield Place, Middlesex Turnpike, Town of Essex, County of Middlesex, State of Connecticut;
And it appearing that plaintiff's application should be granted, pursuant to section 34-66 of the Connecticut General Statutes,
IT IS HEREBY ORDERED that the individual interest of defendant John J. Carta, Jr. in the partnership of Copp, Berall, Wellette, Carta Sluis, or its successor, is hereby charged with payment of the judgment rendered in this action in favor of plaintiff Essex Hardware Co., Inc. for $12,473.51 damages and $199.80 for costs, with interest at ten percent (10%) per annum per Connecticut General Statutes Sec. 37-3a, due from February 22, 1990 to August 4, 1992 in the amount of $2,587.50 for a total this day of $15,260.81.
IT IS FURTHER ORDERED that Attorney David Royston of Old Saybrook, Connecticut is appointed to administer this Order by taking possession and control of said defendant's/debtor's interest. Said receiver shall collect and receive from the partnership's bookkeeping staff John J. Carta, Jr.'s distributive share of the partnership proceeds which includes rents, income, profits and other distributions. Thereafter, the receiver shall pay these proceeds to Essex Hardware Co., Inc.
IT IS FURTHER ORDERED that the receiver's authority does not extend to review of any of the partnership's files whether or not they may contain confidential client information. This order is limited to the receiver's receipt of John J. Carta, Jr.'s distributive share of the partnership income which would otherwise be payable to John J. Carta, Jr. The receiver is under no right or obligation to inquire into the derivation or calculation of amounts, if any, due to John J. Carta, Jr. from the partnership, and shall have no right or obligation to receive information which would be in violation of any attorney-client relationship between John J. Carta, Jr. and his clients or the partnership and its clients.
BY THE COURT, ARENA, J. CT Page 7375