[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#116)
The plaintiff, Candlewood Landing Condominium Association, Inc. (hereinafter "Association") commenced this tax appeal, pursuant to Connecticut General Statutes § 12-118, against the Town of New Milford, by application dated June 10, 1994. The Association alleges in each count of its thirteen count application that it is a Connecticut non-stock corporation and is the association of the unit owners of the thirteen units that comprise Candlewood Landing Condominium located in the defendant Town of New Milford, Connecticut. Additionally, the Association alleges in each count that it brings the appeal on behalf of all of its member unit owners and is so duly authorized.
The Association appeals the Board of Tax Review's decision refusing to reduce the assessment on the unit owners' units for the 1993 grand list year. By amendment to appeal dated May 26, 1995, the Association also included assessment year 1994. CT Page 11915
The defendant has moved to dismiss each count of the plaintiff's application to appeal, as amended. The defendant submits that the plaintiff Association lacks standing to bring the subject appeal on behalf of its individual unit owners, and therefore the court does not have jurisdiction to hear the appeal.
A motion to dismiss is the appropriate vehicle to test the court's subject matter jurisdiction. Connecticut Practice Book § 143; Upson v. State, 190 Conn. 622, 624 (1983). Subject matter jurisdiction must be addressed and decided whenever the issue is raised. The parties cannot confer subject matter jurisdiction on the court, either by waiver or consent. Sadloski v. Manchester,228 Conn. 79, 84 (1993); Connecticut Practice Book §§ 143, 145.
Subject matter jurisdiction is the power of the court to hear and determine cases of a general class to which the proceedings in question belong. Such jurisdiction relates to the court's competency to exercise power. Ambrose v. William Raveis RealEstate, Inc., 226 Conn. 757, 764-65 (1993). Subject matter jurisdiction is a question of law for the court to determine.Cahill v. Board of Education, 198 Conn. 229, 238 (1985).
The concept of standing concerns the legal right of an individual to seek relief through the judicial system. Sadloski v.Manchester, supra at 84. Standing concerns the legal right of an individual to set the machinery of the courts in operation. Id.;Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545 (1980).
A person is not entitled to set the machinery of any court in operation except to obtain redress for an injury he has suffered or to prevent an injury he may suffer either in an individual or a representative capacity. Id. at 546. An individual also has standing to litigate a claim where that right is conferred by statute. Id.
Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather, it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. Sadloski v.Manchester, supra at 84. CT Page 11916
Normally a party has standing when he "makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity." Third Taxing District v.Lyons, 35 Conn. App. 795, 798 (1994).
This is a case of first impression in Connecticut. Although cases have been brought in the name of a condominium association on behalf of individual owners, The Meadows of Enfield Association,Inc. v. Board of Tax Review of the Town of Enfield, 1993 WL 31190769 Conn. L. Rptr. 522, Conn. Super. JD of Hartford/New Britain, the issue has not been decided, although it has been raised. See Beacon HillCondominium Association, Inc. v. Town of Beacon Falls, 1992 WL 393160 Conn. Super. JD of Ansonia/Milford. (The motion was denied because it was a speaking motion.)
The plaintiff is an association of thirteen condominium units and appeals the Board of Tax Review's refusal to reduce the assessment on each of the thirteen units on the 1993 and 1994 grand lists. Connecticut General Statutes § 12-118 authorizes an appeal of a decision of a Board of Tax Review and states in pertinent part that:
 [a]ny person . . . claiming to be aggrieved by the finding or determinations of the Connecticut Appeals Board for Property Valuation may, within two months from the time of such action, make application, in the nature of an appeal therefore. . . (Emphasis added)
The statutory definition of "person" for purposes of Connecticut statutes relating to assessment and collection of taxes, is "any individual, partnership, company, public or private corporation, society, association, trustee, executor, administrator or other fiduciary or custodian." C.G.S. § 12-1. The plaintiff, as an "association", falls within this definition. However, the Association must also prove that it is an "aggrieved party" under C.G.S. § 12-118 in order to have standing to bring this appeal.
In Connecticut, condominiums and their associations are governed by the Common Interest Ownership Act. Connecticut General Statutes § 47-200, et seq. Common Interest Ownership Act "is a comprehensive legislative scheme regulating all forms of common interest ownership, that is largely modeled on the Uniform Common Interest Ownership Act. Public Acts 1983, No. 83-474." NicotraWieler Inv. Management, Inc. v. Grower, 207 Conn. 441, 447 (1988). CT Page 11917
Under C.G.S. § 47-244(a)(4), a condominium association may "[i]nstitute, defend or intervene in litigation or administrative proceedings in its own name on behalf of itself or two or more unit owners on matters affecting the common interest community."
(Emphasis added).
Connecticut General Statutes § 47-244(a)(4) plainly states that an association may institute litigation on behalf of its owners. However, the scope of its representation is expressly limited to matters "affecting the common interest community." Id.
Connecticut General Statutes § 47-202(7) defines "common interest community" as follows:
 "Common interest community" means real property described in a declaration with respect to which a person, by virtue of his ownership of a unit, is obligated to pay for (A) real property taxes on, (B) insurance premiums on, (C) maintenance of, or (D) improvement of, any other real property other than that unit described in the declaration.
Id.
A reading of the plain language of C.G.S. § 47-202(7) requires the term "common interest community" to mean real property other than the unit owner's unit. The Town of New Milford's tax assessments, which are the subject of plaintiff's appeal, are for the individual units. Therefore, C.G.S. § 45-202(7) does not expressly employer an association to represent individual unit owners in tax appeals on their individual units.
Section 1-1 of the C.G.S. provides that in construing statutes, words and phrases are to be given their ordinary meaning. The Court's function, therefore, is to determine the fair meaning of what the legislature said not what it meant to say. "It is well settled that the plain and unambiguous terms of a statute govern its construction rather than speculation as to some policy or equities claimed to be embodied therein." Fritz v. Madow,179 Conn. 269, 272 (1979).
The ordinary language of the Connecticut statutes limits the association's litigation rights to matters affecting the "common interest community", and since the definition of "common interest CT Page 11918 community" excludes the units, the statutes do not expressly confer litigation rights to associations on behalf of the individual units in a tax appeals.
Absent statutory authority to the contrary, the grand list assessment of individual condominium units is not a matter "affecting the common interest community". Therefore, only the individual unit owners are aggrieved parties who may appeal the assessment of their condominium unit. The Association is not an "aggrieved party" under C.G.S. § 12-118, and lacks standing to institute this suit on behalf of the individual unit owners.
As a result, this court does not have subject matter jurisdiction in this action and the instant appeal is dismissed.