[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET ASIDE VERDICT
A verdict on behalf of the plaintiff was rendered on all counts. The defendant has thereafter moved to set aside that verdict. No memorandum of law was submitted on behalf of the defendant, and while argued by the plaintiff, it appears that by the filing of a memorandum in opposition, and their presence at oral argument, that that claim was effectively waived. Practice Book, Sec. 326.
The motion of the defendant relates only to the verdicts rendered on the First and Second Counts of the plaintiffs' complaint. The court heard the argument with respect to the claim that the jury had duplicated damages, and the court has reviewed the charge in conjunction with the responses to interrogatories, as well as the verdict forms. It is clear that the jury followed the instructions of the court and did not duplicate the award of damages, but rather applied the evidence which they credited by the plaintiffs' expert with respect to the monetary loss (count 1), as well as the opinion as to restoring the property damaged as a result of the negligent conduct of the defendant in performing the contract. (count 2)
The plaintiffs argue correctly that the defendant did nothing to object to the proposed interrogatories, or supply proposed interrogatories of its own. It did not ask for clarification of the verdict, or reinstruction after the verdict was originally read. The defendant makes no specific claim with respect to the grounds of its motion, and cites no case law in support of its propositions.
The plaintiffs however, claim that the verdict is supported by the evidence, with ample case citations. The court finds that the verdict is supported by the evidence, and that the jury could CT Page 4494 reasonably have found as it did. Rood v. Russo, 161 Conn. 1,3283 A.2d 220 (1971); Giambartolomei v. Rocky DeCarlo Sons,143 Conn. 468 (1950).
The Motion to Set Aside Verdict is denied.
DRANGINIS, J.