HELEN M. GILHULY *v.* CONSTANTINE P.
KARAZULAS ET AL.
(2952)

DUPONT, C.P.J., HULL and O'NEILL, Js.

Argued April 19—decision released July 9, 1985

<hr>

[6] Paragraph eight of the will provided the executor the power to sell any realty or personalty of the estate.

*Morgan P. Ames,* for the appellant (plaintiff).

*Francis A. Smith, Jr.,* with whom, on the brief, was *Thomas W. Witherington,* for the appellees (named defendant et al.).

*Max Frauwirth,* for the appellee (defendant C. J. Fortiokis).

PER CURIAM. The plaintiff appeals from the judgment rendered on a jury verdict in favor of the defendants, as contrary to law, against the evidence and inadequate. Basically, she claims that the trial court erred in failing to charge the jury properly with reference to certain remarks made by counsel for one of the defendants during his closing argument. We find no error.

The plaintiff brought this action seeking damages for injuries which she allegedly received as the result of a fall on premises owned by the named defendant and his wife, and leased by the defendant C. J. Fortiokis. After all the parties had rested, they made final argument, none of which was recorded. During the course of his argument, counsel for one of the defendants made some statements to which the plaintiff's attorney excepted.[1]

---

[1] The transcript reveals that the following discussion took place during final argument by attorney Frauwirth, counsel for the defendant Fortiokis:

"Mr. Ames: If he's going to read anything that was not read during the trial, of course, I object to that. He's limited to what came into evidence.

"Mr. Frauwirth: All right.

"The Court: I don't know what he's going to read.

"Mr. Ames: I suspect.

"Mr. Frauwirth: You suspect what?

"Mr. Ames: I suspect you're about to read something that was not read during the trial.

This court is bound by the record presented, and will not consider claims of improper argument where the closing argument has not been recorded and cannot be reconstructed. *State* v. *Vitale,* 190 Conn. 219, 226, 460 A.2d 961 (1983).

There is nothing in the record to show any prejudice to the plaintiff arising from any comments made during final arguments. Cf. *Yeske* v. *Avon Old Farms*

"Mr. Frauwirth: Was a deposition taken in the presence of you and your client?

"Mr. Ames: There was.

"Mr. Frauwirth: You object if I make some comment about it?

"Mr. Ames: I do unless it was read during the trial.

"The Court: Anything in the deposition is not admissible unless it came out.

"Mr. Frauwirth: I read some articles. Yes, your Honor. . . .

"Mr. Ames: Wait a minute. I must object to this, he's not entitled to bring up old newspapers that are not in evidence.

"The Court: I don't know what he's going to say.

"Mr. Frauwirth: If they wanted to prove to you that it was cloudy, they had a means of finding out it was cloudy. The Bridgeport publication everyday puts in this column—

"Mr. Ames: You see, your Honor.

"The Court: You can't show that to the Jury.

"Mr. Ames: This is a gross impropriety. He has no right to bring in old newspapers.

"The Court: I don't know whether he's going to tell them what is in that newspaper or whether he's going to say that you have a way of determining what the climatic conditions were on that day. He hasn't told them what is in the newspaper.

"Mr. Ames: He's shown them the newspaper. He held the newspaper up in front of them.

"Mr. Frauwirth: All I'm telling you is this: If they want to prove it's a cloudy day or the sun was shining, there's means of proof. . . .

"Mr. Ames: I object. The testimony was he is an optometrist, not an optician.

"Mr. Frauwirth: Very good, he's an optometrist. . . .

"Mr. Frauwirth: Am I within my rights to quote from a disclosure in compliance with—

"Mr. Ames: I do object.

"The Court: I'll sustain the objection. I'll have to sustain the objection. That didn't come out during the course of the trial.

"Mr. Frauwirth: Okay. I haven't vilified you."

Frauwirth concluded his final argument and Ames proceeded with his rebuttal argument.

*School, Inc.,* 1 Conn. App. 195, 203–205, 470 A.2d 705 (1984). The plaintiff, not having requested the recording of final arguments, is deemed to have acquiesced in the procedure and has waived any right to object to any impropriety therein. *State* v. *Bowman,* 3 Conn. App. 148, 157, 485 A.2d 1343 (1985).

There is no error.