THERESA SAVENELLI *v.* FIRST NATIONAL SUPERMARKETS, INC.
(3543)

DUPONT, C. J., HULL and BORDEN, Js.

Argued October 1—decision released November 5, 1985

*Donn A. Swift,* for the appellant (defendant).

*Wesley W. Horton,* with whom was *Anthony G. Apicella,* for the appellee (plaintiff).

PER CURIAM. The issue of this appeal is whether, on the particular facts of the case, the trial court erred in allowing counsel for the plaintiff to begin closing argument in the absence of counsel for the defendant.

The plaintiff sought to recover for injuries sustained as a result of a fall in front of the defendant's supermarket. At the trial, after the parties had rested, the court informed counsel that closing arguments would begin promptly at 10 a.m. the next day. The next morning, the defendant's counsel attended a pretrial conference in the same courthouse, which delayed his arrival in the courtroom. The trial court waited approximately sixteen minutes for the defendant's counsel, and then instructed the plaintiff's counsel to begin his summation. Counsel for the defendant entered the courtroom approximately four minutes later and immediately requested that the summation be transcribed. At the time the court reporter began transcribing the argument, the plaintiff's counsel was describing the allegations of the complaint. The jury returned a verdict for the plaintiff.

The defendant's counsel moved for a mistrial on the basis that his client was prejudiced by the trial court's instruction to the plaintiff's counsel to begin his final argument in the absence of the defense counsel. This motion was denied. The defendant later moved for a new trial on the same grounds. This motion was likewise denied. The defendant appeals from the denial of these two motions.

This appeal does not arise out of the denial of a timely motion to set aside the verdict. Such a motion "is essential for a full review of claims of error . . . ." *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 515, 441 A.2d 163 (1981); see Practice Book § 3063. In the absence of such a motion, this court's review is limited to "plain error." *Finley* v. *Aetna Life & Casualty Co.,*

5 Conn. App. 394, 397, 499 A.2d 64 (1985); *Geer* v. *First National Supermarkets, Inc.,* 5 Conn. App. 175, 177, 497 A.2d 999 (1985).

It is the defendant's burden to demonstrate that the trial court's conduct constituted plain error. The trial court has inherent authority to regulate the trial of cases before it. See *In re Mongillo,* 190 Conn. 686, 690–91, 461 A.2d 1387 (1983). The record indicates that the trial court sent a clerk who located the defendant's counsel and alerted him that argument was about to begin.

An appellate court is bound by the record and cannot consider claims that remarks of counsel made during final argument may have been prejudicial where those remarks were not recorded, and there has been no attempt to reconstruct them. See *Gilhuly* v. *Karazulas,* 4 Conn. App. 440, 442, 495 A.2d 1077 (1985). Furthermore, the trial court characterized the unrecorded remarks as "not remarkable, just sort of an introductory basis." The defendant has failed to make any substantial showing of error or prejudice.

There is no error.