SAVINGS BANK OF ROCKVILLE *v.* DAVID J.
VICKERS, JR., ET AL.
(AC 19852)

Foti, Spear and Zarella, Js.

Argued April 27—officially released August 22, 2000

*Bruce S. Beck,* for the appellant (named defendant).

*Kerry A. Tarpey,* for the appellee (plaintiff).

*Opinion*

FOTI, J. The defendant, David J. Vickers, Jr.,[1] appeals from the judgment of the trial court granting the motion by the plaintiff, Savings Bank of Rockville, for a deficiency judgment. The defendant claims that the court improperly (1) refused to permit him to make a motion

---

[1] The deficiency judgment was rendered against and is challenged in this appeal by only the named defendant, David J. Vickers, Jr. We refer to him in this opinion as the defendant.

at the deficiency judgment hearing, (2) placed the burden of proof on him as to whether the plaintiff had complied with the terms of a stipulation into which the parties had entered, (3) allowed the plaintiff to pursue the deficiency judgment when it had failed to comply with the stipulation and (4) found that the plaintiff sustained its burden of proof that it complied with the terms of the stipulation. The defendant also raises the equitable doctrine of unclean hands and claims that the plaintiff is estopped from pursuing its motion for a deficiency judgment. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. In October, 1995, the plaintiff initiated an action to foreclose a mortgage of certain real property owned by the defendant and on November 22, 1995, filed a motion for judgment of strict foreclosure. On December 4, 1995, the defendant filed a motion for foreclosure by sale, which was granted on December 11, 1995. The sale occurred in March, 1996, and, following a contested hearing, was approved by the court in April, 1996.

Thereafter, the defendant filed a request for production and a motion to open the judgment approving the sale. The defendant's motion included a claim that the plaintiff was in possession of other appraisals that had not been disclosed to the court.[2] On November 14, 1996, the court held a hearing and denied the defendant's motion to open the judgment. As to the defendant's request for production, the court granted the motion conditioned on the plaintiff's filing a motion for a deficiency judgment against the defendant.

---

[2] At the time of the hearing to confirm the sale of the property, the plaintiff had provided the defendant with only one appraisal. At the hearing, the defendant's counsel stated that the defendant was, in fact, satisfied with that appraisal because the home was appraised at a value much higher than the mortgage debt.

On November 25, 1996, the defendant appealed from the judgment.[3] That appeal was resolved by a settlement stipulation dated June 13, 1998. On June 22, 1998, the plaintiff filed a motion for a deficiency judgment. A hearing on that motion was held on April 26, 1999. On May 27, 1999, the court granted the motion and, in a memorandum of decision, found the deficiency to be $40,000. The defendant now appeals from that judgment.

I

The defendant claims first that the court improperly refused to allow him to make a motion at the deficiency judgment hearing. We disagree.

This claim is based on a colloquy that occurred between the court and the defendant's counsel at the commencement of the April 26, 1999 hearing. Before any witnesses were called, the court requested that each party give a brief overview of the arguments they intended to make at trial. The plaintiff's counsel complied with the court's request. The defendant's counsel, claiming that he did not believe he was obligated to give an overview of his case, refused to comply with the court's request. Thereafter, a brief dialogue ensued in which the court made further attempts to discern a general overview of the defendant's position, and the defendant's counsel steadfastly refused to provide the court with an offer of proof.[4]

---

[3] The defendant claimed that the court (1) improperly approved the sale, (2) improperly refused to grant his motion for discovery in conjunction with his motion to open the judgment and (3) should have granted his motion to open the judgment on the basis of the plaintiff's failure to disclose the existence of another appraisal in its possession and on the basis of the court's not having had the benefit of reviewing another appraisal.

[4] At one point in the discussion, the court asked the defendant's counsel if he would prefer to make an offer of proof without any of the witnesses present. The defendant's counsel answered that he believed that he was not required to put forth any offer of proof and that he did not want to do so.

As the plaintiff's counsel called the first witness to testify, the defendant's counsel asked the court, "Is this going to be a problem, having you hear the case . . . ?" The court replied, "I think I resent that question. Now, enough of this. I've asked you a question [and] you refuse to answer. I didn't pursue it with you, and I think I should pursue it with you, but I'm going to jump over that and we're going to proceed. Now, please sit down." The defendant's counsel attempted to continue the discussion[5] and eventually stated, "I think I'd like to have something on the record reflect that I would like to make a motion, and I'm apparently not being permitted to do so." Immediately thereafter, the court stated, "Swear this witness in."

In support of his argument that the court improperly refused to allow him to make a motion, the defendant cites *Ahneman* v. *Ahneman*, 243 Conn. 471, 484, 706 A.2d 960 (1998), for the proposition that the court has a duty to determine every question which may arise in a cause of action. In *Ahneman*, the trial court refused to consider certain postjudgment financial motions that were before it. Our Supreme Court noted that except in rare instances, a trial court may not decline to exercise its jurisdiction by refusing to consider certain motions. Id.

We conclude that *Ahneman* is inapposite to the defendant's claim because the defendant here did not make a proper motion. Because no motion was properly before the court, it cannot be claimed that the court refused to consider a motion. Practice Book § 5-2 provides in relevant part: "Any party intending to raise any question of law which may be the subject of an appeal

[5] The following colloquy occurred:
"[Defendant's Counsel]: Well—
"The Court: Mr. Beck, that's enough from you. Sit down. . . .
"[Defendant's Counsel]: Am I—
"The Court: Mr. Beck, sit down please."

must . . . state the question distinctly to the judicial authority on the record before such party's closing argument . . . ." It is clear from the record that the defendant failed to make a proper motion and, thus, *Ahneman* does not apply.

We further disagree with the defendant's claim that it was incumbent on the court to initiate further discussion when it heard that the defendant may have been interested in making a motion. It was the defendant's responsibility to make any motions, and he was certainly free to have done so. There is no evidence in the record to support his claim that he was prevented from making a motion. In the time that it took the defendant's counsel to comment that he was being prevented from making a motion, he just as easily could have made a motion. From the discourse between the court and the defendant's counsel, it is evident that the court, recognizing that the defendant's counsel was unwilling to provide an overview of his defense, chose to drop the discussion of that matter and to move ahead with the trial. The court has inherent authority to regulate the trial of cases before it. See *Savenelli* v. *First National Supermarkets, Inc.*, 5 Conn. App. 436, 438, 499 A.2d 434 (1985). We find no evidence that the court abused its authority.

II

The defendant next claims that on the issue of proving that the plaintiff complied with the terms of the stipulated settlement, the court improperly shifted the burden of proof to the defendant. We disagree.

In support of his claim, the defendant again points to the colloquy between the court and the defendant's counsel, during which the court asked for an offer of proof. This request, according to the defendant, suggests that the court impermissibly shifted the burden of proof from the plaintiff to the defendant. We do not

accept the inference suggested by the defendant that the court's request for an offer of proof indicated an intent to shift the burden of proof to the defendant. In fact, a careful review of the transcript of the colloquy reveals that the court in no way intended to shift the burden of proof.[6]

The defendant also points to language in the court's memorandum of decision in which the court noted that "[t]he defendant offered no testimony or exhibits to refute the evidence of the plaintiff. . . . While the defendant [argues that the plaintiff violated the stipulated agreement] in his brief of law, he has not established his position by way of cross-examination or direct evidence." The defendant claims that this language suggests that the court improperly placed the burden of proof on him as to whether the plaintiff had complied with the stipulation.

We are unpersuaded by the defendant's argument. In its memorandum of decision, the court found that the plaintiff, through its witnesses, showed that it had complied with the terms of the stipulation. The court's reference to the defendant's failure to produce any evidence to the contrary merely served to emphasize the fact that the plaintiff's evidence was uncontroverted. Our review of the memorandum of decision as a whole reveals nothing that would suggest that the court improperly shifted the burden of proof to the defendant.

### III

In his third and fourth claims of error, the defendant argues that (1) the court should not have allowed the

---

[6] The following colloquy occurred:

"[Defendant's Counsel]: I think the burden of proof's on the plaintiff . . . . [T]hey have the burden of proof and my client has the right to dispute that evidence.

"The Court: I understand that, Mr. Beck, but I am asking you by way of an offer of proof. I asked them, they told me what their position is, and I'd like to know from you what is your defense to this."

plaintiff to pursue the deficiency judgment because the plaintiff failed to comply with a condition precedent imposed by the settlement stipulation and (2) the court improperly found that the plaintiff sustained its burden of proof that it had complied with the settlement stipulation. Because these two issues are closely related, we will analyze them together.

## A

The portion of the settlement stipulation that is at issue here involves the defendant's right to receive appraisals that had been obtained by the plaintiff. The relevant provision of the stipulation states: "In the event the Plaintiff seeks a deficiency judgment against the Defendant, the Defendant shall be entitled to any other appraisals that may have been obtained by the Plaintiff pursuant to the order of Superior Court Judge Harry Hammer."[7] The defendant argues that this portion of the settlement stipulation created a condition precedent that the plaintiff failed to satisfy.

Interpretation of a contract is a matter of law, and our review is plenary. See *Empire Paving, Inc.* v. *Milford,* 57 Conn. App. 261, 265, 747 A.2d 1063 (2000). Upon review of the language of the settlement stipulation, read in conjunction with Judge Hammer's order,[8] we conclude that the settlement stipulation does not impose a condition precedent requiring the plaintiff to furnish the defendant with all of its appraisals *prior to*

---

[7] The settlement stipulation is dated June 18, 1997. On November 14, 1996, the parties appeared before Judge Hammer on a motion for discovery. At the hearing, Judge Hammer granted the defendant's motion for discovery conditioned on the plaintiff's filing a motion for a deficiency judgment. Judge Hammer's order subsequently was incorporated into the settlement stipulation.

[8] At the November 14, 1996 hearing, Judge Hammer told the defendant that with respect to his motion for discovery of all the appraisals in the plaintiff's possession, "I am granting your motion for discovery conditionally on the motion for deficiency judgment being filed. . . . I am granting the motion, but it is conditional on the motion having been filed."

the plaintiff's filing a motion for a deficiency judgment. The agreement provides that the defendant would not be entitled to discovery as to the plaintiff's appraisals *until* such time as the plaintiff decided to file a motion for a deficiency judgment. Contrary to the defendant's tortured interpretation of the settlement stipulation, the plaintiff was not required to provide the defendant with its appraisals *until* the plaintiff filed a motion for a deficiency judgment.

## B

After the plaintiff filed a motion for a deficiency judgment, however, the plaintiff was required by the settlement stipulation to provide the defendant with any appraisals in its possession. The plaintiff also was required to satisfy several other terms of the settlement stipulation.[9] The court found that the plaintiff satisfied the terms of the settlement stipulation. "The court's findings of fact are binding on this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole." *Breiner* v. *State Dental Commission*, 57 Conn. App. 700, 704, 750 A.2d 1111 (2000). At trial, the plaintiff produced two witnesses whose testimony established that the terms of the settlement stipulation were satisfied by the plaintiff. We conclude that there is sufficient evidence in the record to support the court's conclusion that the plaintiff satisfied its burden of proof that it complied with all of the terms of the settlement stipulation.

## IV

The defendant's final claim is that the plaintiff has "unclean hands" and is estopped from pursuing its

[9] The terms of the settlement stipulation that the defendant claims were not complied with include (1) the plaintiff was to make certain repairs to the property, (2) the defendant was to be given notice of and the opportunity to inspect the repairs, (3) the plaintiff was to take certain steps to market the property and (4) as discussed above, the plaintiff was to provide the defendant with any appraisals in its possession after the plaintiff filed a motion for a deficiency judgment against the defendant.

motion for a deficiency judgment. The defendant previously raised this claim, and it was been resolved by order of the court, *Hammer*, *J.*, and the settlement stipulation. The defendant, therefore, is precluded from raising this claim here.

The basis for the defendant's claim is that during the April 15, 1996 hearing to confirm the sale of the property, the plaintiff failed to inform the court that it was in possession of another appraisal. At that hearing, the court approved the sale. Thereafter, the defendant filed a motion to open the judgment in which he raised the issue of the plaintiff's failure to disclose the other appraisal that was in its possession. Along with the motion to open the judgment, the defendant filed a request for production of the other appraisal. At the November 14, 1996 hearing, the court denied the defendant's motion to open. The court also ordered that should the plaintiff decide to pursue a deficiency judgment against the defendant, the plaintiff was to furnish the defendant with any other appraisals in its possession.

Subsequently, the defendant filed an appeal with this court, claiming that because the plaintiff had not disclosed the existence of the other appraisal, the trial court should have opened the judgment. The defendant later withdrew this appeal pursuant to the settlement stipulation. The settlement stipulation provided that in the event that the plaintiff filed a motion for a deficiency judgment against the defendant, the plaintiff would provide the defendant with any other appraisals in its possession. As previously discussed, the plaintiff provided the defendant with a copy of the other appraisal and complied with the terms of the settlement agreement.

The issue of the other appraisal and whether the plaintiff was required to disclose it to the defendant was resolved by the settlement stipulation. In exchange

for dropping his appeal of the court's refusal to open the judgment approving the sale of the property,[10] the defendant received, among other things, the assurance that the plaintiff would provide the defendant with the other appraisal in the event that the plaintiff pursued a deficiency judgment. The plaintiff satisfied the terms of the settlement stipulation, and the defendant is now precluded from raising a claim that already has been effectively resolved. See *Ven Nguyen* v. *DaSilva*, 10 Conn. App. 527, 531–32, 523 A.2d 1369, cert. denied, 204 Conn. 803, 528 A.2d 1151 (1987); see also 15A Am. Jur. 2d 796–97, Compromise and Settlement § 24 (1976) ("valid compromise and settlement operates as a merger of, and bars all right to recover on, the antecedent claim or right of action included therein. The compromise agreement is substituted for the antecedent claim or right, and the rights and liabilities of the parties are measured and limited by the terms of the agreement").

The judgment is affirmed.

In this opinion the other judges concurred.

---

[10] This appeal raised essentially the same issue of "unclean hands" that the defendant now attempts to revive.