[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #108
On January 10, 2000, the plaintiffs, Radha Ramana Murty Narumanchi and Radha Bhavatarini Devi Narumanchi, filed a three-count complaint, pro se, against the defendant, Mechanics Savings Bank, sounding in gross negligence, breach of fiduciary and contractual duty, and "any other equitable relief." The plaintiffs alleged in this original complaint that the defendant had a duty to send them copies of real estate tax assessment notices from the city of New Haven (city), but had failed to do so. They claimed that the failure deprived them of an opportunity to timely appeal the assessment in years past. On February 9, 2000, the defendant filed a motion to strike the entire complaint, to which the plaintiffs filed an objection on February 23, 2000.
On April 12, 2000, the court, Levin, J., issued a memorandum of decision, granting the defendant's motion to strike. The court found that the plaintiffs had failed to allege any facts that could support their claim that the defendant owed them a duty to provide them with tax notices.
On April 25, 2000, the pro se plaintiffs filed a three-count amended complaint, which they called a "§ 10-44 substitute pleading."[1]
Except for a new allegation that a clause in the mortgage deed constituted a non-revocable power of attorney obligating the defendant to provide the plaintiffs with copies of tax notices, the amended complaint remains essentially the same as the original complaint. The plaintiffs have not alleged any new facts. They repeat the following allegations of fact. They are the record owners of a two-family residential real estate property, known as 657-659 Middletown Avenue in New Haven (property). In 1976, they assumed a note and mortgage held by the defendant when they purchased the property. In 1999, they paid off the note and the defendant discharged them from the mortgage. The mortgage deed which they assumed was executed in 1972 between the previous owners of the property, Fredrick T. Levesque and Jeannine A. Levesque (Levesques), and Dale Funding Corporation (Dale). Dale subsequently assigned the mortgage and CT Page 11434 sold the note to the defendant. As successors in interest, the parties were bound by the terms of the deed.[2] Pursuant to the terms of a clause inserted in the boilerplate deed, the defendant appointed itself as the receiver of all tax notices regarding the property, notified the city to forward all tax notices to it, and received tax notices on behalf of the plaintiffs during the entire period of the parties' business relationship, specifically between 1976 and 1999. The city typically would send only one copy of tax notices, either to the plaintiff homeowners or to the defendant mortgage servicing company. The defendant never sent any copy of tax notices that it received from the city to the plaintiffs. As a result, the plaintiffs were not aware of any increase in the tax assessment of the property until 1997, when they discovered an increase that became effective in 1990, brought a civil suit against the city, and got their annual taxed reduced by $653.22 through a settlement agreement with the city. The plaintiffs claim that the defendant's failure to provide them with copies of tax notices deprived them of an opportunity to appeal the increase before 1997, and caused them damages in the form of overpayment and loss of interest.
What is new in the amended complaint is the plaintiffs' allegation that a clause inserted by the defendant in the boilerplate deed constituted a non-revocable power of attorney. The plaintiff's quote the clause in the complaint. The clause reads: "The mortgagor and/or successors in ownership of the property subject to this mortgage, in their name, hereby authorize the mortgagee or any of its assigns to notify the tax office having taxing powers over the mortgaged property to forward all tax notices to the mortgagee or its assigns." According to the plaintiffs, the defendant went to "the extraordinary length of having itself appointed as the agent (attorney-in-fact)" to the plaintiffs by "specifically, pointedly, and particularly . . . inserting" the clause in the deed. In their opinion, this clause transformed the defendant into their agent, or attorney in fact. They claim that under the purported power of attorney the defendant had a contractual and fiduciary duty to provide them with copies of tax notices or to appeal on their behalf to the city against the excessive property tax assessment in years past. The plaintiffs allege that the defendant breached its contractual duty (count one), was grossly negligent and breached the covenant of good faith and fair dealing (count two), and breached its fiduciary role as a trustee under the deed (count three) for failing to provide them with tax notices.
On May 16, 2000, the defendant filed the present motion to strike the entire amended complaint, supported by a memorandum of law. On May 30, 2000, the plaintiffs filed an objection to the new motion to strike, which incorporates a memorandum of law. CT Page 11435
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39; seePeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial."Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993).
"The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). "A motion to strike admits all facts well pleaded."Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655
(1997). "Practice Book . . . § 10-39 . . . allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089
(1998).
"[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Id., 308. However, "[the, motion to strike] does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings.", (Emphasis omitted.) Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The plaintiffs allege that the defendants did not provide them with copies of tax notices. The failure in itself is not actionable unless the defendant had a duty to send them tax notices. "The law does not recognize a duty in the air. . . . To sustain a cause of action, the court must determine whether the defendant owed a duty to the [plaintiff]. . . . The existence of a duty as a question of law. . . . Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Shore v. Stonington, 187 Conn. 147, 151-52,444 A.2d 1379 (1982). "There is a difference between the existence of a duty and a violation of that duty. The existence of the duty is a question of law whereas whether there was a breach of that duty is a question of fact." Tryon v. North Branford, 58 Conn. App. 702, 715, (2000). CT Page 11436
It should be noted first that the plaintiffs' complaint does not stem from their business relationship with the defendant as mortgagors and mortgagee. They have only complained about the defendant's additional role as an escrow agent in collecting payment of real estate taxes from the plaintiffs on behalf of the city. Such role was incidental to, but separate from, the defendant's role as the mortgagee. The plaintiffs concede that it was a standard practice, statutorily sanctioned,[3] for the defendant to require them to deposit funds for payment of real estate into a tax escrow account maintained by the defendant to ensure timely payment of real estate taxes on the mortgaged property.[4]
What was unusual in this tax escrow account arrangement, according to the plaintiffs, was that the defendant appointed itself as the plaintiffs' attorney in fact by inserting the clause in the deed. The plaintiffs rely solely on the clause to assert a conclusion of law that the clause constituted a power of attorney, pursuant to the terms of which the defendant purportedly owed them a contractual and fiduciary duty to provide them with tax notices. The plaintiffs have not alleged any facts that could introduce ambiguity into the plain words of the clause or raise an issue of fact whether the parties intended a principal-agent relationship. They have not alleged that the defendant ever agreed in any form to provide them with copies of tax notices. Because the plaintiffs have alleged no facts independent of the clause to argue that the defendant had a contractual and fiduciary duty to provide them with copies of tax notices, the court can determine as a matter of law whether the clause permits a finding of agency relationship. SeeGordon v. Bridgeport Housing Authority, 208 Conn. 161, 179, 184-85,544 A.2d 1185 (1988).
"Although the finding of an agency relationship is ordinarily a question of fact," the court can determine as a matter of law whether the clause evidences an agency relationship when the plaintiffs rely solely on the clause in asserting such a relationship. See id., 184-85. That is because "unless the [clause] permits a finding of an agency relationship, there is no factual question to resolve." Id., 185. "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) Issler v. Issler, 250 Conn. 226,235, 737 A.2d 383 (1999); see also Morales v. Pentec, Inc.,57 Conn. App. 419, 438, ___ A.2d ___ (2000) ("When the intent of the parties can be determined within the four corners of a contract, a question of law arises."); Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 179 ("the construction of a written contract is a question of law for the court"); Savings Bank of Rockville v. Vickers, CT Page 1143759 Conn. App. 490, 497, ___ A.2d ___ (2000) ("[i]nterpretation of a contract is a matter of law").
A power of attorney is "a written, formal contract of agency, creating a principal-agent relationship. . . ." Long v. Schull, 184 Conn. 252,256, 439 A.2d 975 (1981). "Agency. . . ., the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. . . . Restatement (Second), 1 Agency § 1. . . . Thus, the three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking. Restatement (Second), 1 Agency § 1, comment b (1958)." (Citation omitted; internal quotation marks omitted.)Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 184; see alsoHallas v. Boehmke Dobosz, Inc., 239 Conn. 658, 673, 686 A.2d 491
(1997).
On its face, the clause relied by the plaintiffs merely authorized the defendant to notify the taxing authorities to forward all tax notices to the defendant, and no more. There is no language whatsoever showing that the plaintiffs appointed the defendant as their agent, or that they agreed on any agency relationship in dealing with the city regarding the property taxes, or that the plaintiffs would be in control of the undertaking. The plain language of the clause permits no finding of a power of attorney appointing the defendant as the plaintiffs' agent in dealing with the city regarding property taxes, or finding of a duty on the part of the defendant to provide the plaintiffs with copies of tax notices. "It is the general rule that a contract is to be interpreted according to the intent expressed in its language and not by an intent the court may believe existed in the minds of the parties." Levine v.Massey, 232 Conn. 272, 278, 654 A.2d 737 (1995). "When the plain meaning and intent of the language is clear, a clause in a written lease cannot be enlarged by construction. There is no room for construction where the terms of a writing are plain and unambiguous, and it is to be given effect according to its language." (Internal quotation marks omitted.)Gateway Co. v. DiNoia, 232 Conn. 223, 232, 654 A.2d 342 (1995).
Because the plaintiffs have not alleged any new facts independent of the above clause in their amended complaint, which is predicated on the existence and breach of the alleged duty in each of its three counts, the amended complaint cannot survive the present motion to strike once the court determines as a matter of law that the clause does not permit a finding of a duty on the part of the defendant to provide the plaintiffs with copies of tax notices. CT Page 11438
Count one alleges a breach of contract of agency, but, as discussed above, the plaintiffs have cited no facts independent of the clause to support their claim that the defendant had a contractual duty to provide them with copies of tax notices. The plaintiffs have asserted a mere conclusion of law that is unsupported by the facts alleged. SeeNovametrix Medical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215. Count One must therefor be stricken.
Count two alleges gross negligence and breach of the covenant of good faith and fair dealing. The concept of "gross negligence" has been left undefined in Connecticut appellate cases. In some cases, it is equated with willful misconduct; see, e.g., Cumberland Farms, Inc. v. DairyMart, Inc., 225 Conn. 771, 778, 627 A.2d 386 (1993); in others, it is held to be more than ordinary negligence but less than reckless or willful misconduct in magnitude. See, e.g., Gondek v. Pliska,135 Conn. 610, 613, 67 A.2d 552 (1949) (citing Massachusetts case law). As discussed above, the plaintiffs have failed to allege any facts legally sufficient to support their claim that the defendant owed them a duty of providing them with copies of tax notices. Such a failure cannot even support a claim of ordinary negligence, not to say gross negligence. See Medcalf v. Washington Heights Condominium Assn.,57 Conn. App. 12, 16, ___ A.2d ___ (2000) ("The elements in a negligence cause of action are duty, breach of that duty, causation and damages.");Lombard v. Edward J. Peters. Jr., P.C., 252 Conn. 623, 632, ___ A.2d ___ (2000) ("Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action.") (internal quotation marks omitted)).
Similarly, there are no facts alleged to support the claim that the defendant breached the implied covenant of good faith and fair dealing. "[A]n action for breach of the covenant of good faith and fair dealing requires proof of three essential elements, which the plaintiff must duly plead: first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiffs right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiffs right to receive benefits it reasonably expected to receive under the contract, the defendant was acting in bad faith." ShareAmerica Inc. v. Ernst Young, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 150132 (July 2, 1999, Sheldon, J.). "Bad faith in general implies both actual and constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." (Internal CT Page 11439 quotation marks omitted.) Habetz v. Condon, 224 Conn. 231, 237,618 A.2d 501 (1992). The plaintiffs have not alleged any facts independent of the quoted clause to show that the defendant was under a contractual obligation to provide the plaintiffs with copies of tax notices. In addition, the plaintiffs have not alleged any facts to show bad faith.
Because the plaintiffs have alleged mere conclusions of law not supported by the facts alleged, the Motion to Strike must be granted as to Count Two. See Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215.
Count three primarily repeats the allegation made in count one that the defendant breached its fiduciary duty under the clause in the deed, which the plaintiffs claim to be a power of attorney. As discussed above, because the clause does not permit such a finding the plaintiffs have asserted merely a conclusion of law not supported by any facts alleged. This count also alleges that the defendant breached its fiduciary role as a trustee under the deed. The plaintiffs reasserts here its conclusion of law, made in count one, which cites General Statutes § 36a-395, that the defendant "has been recognized as a trustee under the [mortgage] deed." The plaintiffs characterize the defendant, in count one, as "simultaneously wearing hat as a `trustee' under the mortgage deed." General Statutes § 36a-395 provides: "The provisions of this section and sections 36a-396 to 36a-399, inclusive, shall apply to each person, firm or corporation, hereinafter referred to as `trustee', acting or proposing to act as trustee under a mortgage or deed of trust of real property, in any case in which the note, notes, bond or bonds or other evidence of indebtedness secured thereby have been or are to be sold as investments, except that they shall not apply to any bank, any corporation licensed by the commissioner to receive property in trust and to execute and administer trusts or any corporation acting pursuant to the provisions of section 45a-206." On its face, the statute regards duties of a person or company, statutorily deemed as a "trustee," over the mortgage notes or bonds "sold as investments" to the person or the company. The plaintiffs have not alleged anything to show that they were investors with, rather than debtors to, the defendant. The statute is, therefore, irrelevant to their complaint and does not support their claim that the defendant was a trustee under the deed. The plaintiffs have not identified any statutes that could support their claim that the defendant owed them a trustee duty to provide them with copies of tax notices.
Furthermore, as noted by the court earlier in its decision to grant the motion to strike the original complaint, the defendant could not be a trustee or fiduciary to the plaintiffs by virtue of the mere fact that the parties had a business relationship as mortgagors and mortgagee. See CT Page 11440 Narumanchi v. Mechanics Savings Bank, Superior Court, judicial district of New Haven at New Haven, Docket No. 434264 (April 12, 2000, Levin,J.). "Generally there exists no fiduciary relationship merely by virtue of a borrower lender relationship between a bank and its customer."Southbridge Associates v. Garofalo, 53 Conn. App. 11, 19, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). "No per se fiduciary relationship exists by virtue of the borrower-lender relationship between a bank and a customer . . . without exceptional circumstances that would establish the existence of a confidential relationship." Krondes v.Norwalk Savings Society, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 288829 (April 3, 1995, Cocco, J.), quotingTorke v. FDIC, 761 F. Sup. 754, 757 (D. Colo. 1991). A mortgagee lender does not become a fiduciary to the mortgagor borrower by virtue of the lending business in the absence of "exceptional circumstances," such as the lender serving also as financial advisor to the borrower. SeeSouthbridge Associates v. Garofalo, supra, 53 Conn. App. 18. The facts alleged are legally insufficient to show that the parties' business relationship was "characterized by a unique degree of trust and confidence between the parties," which is the hallmark of a fiduciary relationship. See Beverly Hills Concepts, Inc. v. Schatz Schatz,Ribicoff Kotkin, 247 Conn. 48, 56, 717 A.2d 724 (1998).
Because count three repeats count one and asserts conclusions of law not supported by any facts alleged, the motion to strike such count must be granted. See Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215.
Because the plaintiffs have not alleged any facts legally sufficient to support their claim that the defendant owed them a contractual and fiduciary duty to provide them with copies of property tax notices sent to it by the city, the motion to strike the amended complaint, which is predicated on the existence and breach of the alleged duty in each of its three counts is hereby granted.
Bruce W. Thompson, Judge of the Superior Court